**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DWAYNE SEALS,

      Plaintiff,

v.                                                                 Case No. 20-11272

WAYNE COUNTY and WAYNE
COUNTY EMPLOYEES'
RETIREMENT SYSTEM, and
ROBERT GRDEN, in his individual
Capacity,

      Defendants.

_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
PLAINTIFF'S STATE LAW CLAIMS**

**I. Introduction**

Plaintiff Dwayne Seals sues Defendants Wayne County ("County"), Wayne

County Employee's Retirement System ("WCERS"), and Robert Grden, the director of

WCERS, in his individual capacity. Plaintiff is challenging WCERS's decision to

suspend his pension payments while he serves as the Deputy County Clerk/Chief

Financial Officer for the County. Plaintiff's complaint brings three courts:

> Count I: 42 U.S.C. § 1983 claim against Defendants for violation of
> Plaintiff's First Amendment Rights through retaliation;

> Count II: a violation of Mich. Comp. Laws §§ 15.361 the state's
> "Whistleblower Protect Act" by Defendants.

> Count III: a breach of contract claim for an alleged violation of the
> Michigan Constitution's pension guarantee contained in Art. 9, § 24.

1

The court previously declined to dismiss Count I. (ECF No. 22.) The remaining claims are state law causes of action. Since Plaintiff's federal and state law claims arise out of the same incident and share common operative facts, the court is permitted to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367. However, for the reasons explained below, exercising supplemental jurisdiction over Plaintiff's state law claims could create jury confusion, raises a novel and complex issue of state law, and could predominate over the federal claims. Therefore, the court will dismiss Count II and Count III without prejudice.

## II. BACKGROUND

The following facts are drawn from the amended complaint and the documents attached thereto. In 2016, Plaintiff retired from his position as Chief Financial Officer and Budget Director for Wayne County and began receiving approximately $5,415 in monthly pension benefits from WCERS. (ECF No. 5, Page.ID 30-31.) Soon after his retirement, however, Plaintiff took a new appointed position with the Wayne County Register of Deeds. Plaintiff was appointed by the Register of Deeds, Bernard Youngblood, to serve as his "Deputy and Chief Financial Officer." (*Id.* at 31.)

Before accepting the Register of Deeds position, Plaintiff conferred with a representative of the Wayne County Corporation Counsel's office, who confirmed that the position would not interfere with Plaintiff's collection of his full pension. (*Id.*) The Corporation Counsel concluded that Plaintiff qualified as an appointed official who fell within an exception to Mich. Comp. Laws § 46.12a(28)—colloquially referred to as the

2

*thousand-hour rule*. (*Id.*) Consequently, Plaintiff continued to receive his pension benefits during the entire time he held the position. (ECF No. 5, PageID.32-33).

Plaintiff resigned from the Register of Deeds position in May 2019. (*Id. at* 33.) However, he was soon appointed by Wayne County Clerk Cathy M. Garrett to a newly created "Deputy County Clerk/Chief Financial Officer" position. (*Id.*) In his new role, Plaintiff continued to receive his pension benefits. However, in December 2019, the WCERS board determined that Plaintiff's new "Deputy County Clerk/Chief Financial Officer" job failed to qualify as an exempt appointed position. (*Id.* at 36.) Plaintiff's pension payments were stopped.

Plaintiff alleges that his benefits were actually suspended in retaliation for his public, ongoing dispute with the WCERS board and its chairman Robert Grden over an alleged underpayment to current retirees totaling "an aggregate of at least $200,000 annually." (*Id.* at 36, 41-42.) Such an underpayment would reduce Plaintiff's benefits by $38 each month. (*Id.*) Plaintiff had complained about this alleged miscalculation both publicly and privately since 2016. (ECF No. 18, PageID.569-70.) Plaintiff contends that Defendants WCERS and Grden enlisted the help of Defendant Wayne County and their Corporation Counsel's office in a coordinated effort to retaliate against Plaintiff for his protected speech. (EFC No. 5, PageID.42.)

Plaintiff's amended complaint pursues three counts against Defendants. First, he brings a claim (Count I) for a violation of his First Amendment Rights under 42 U.S.C. § 1983. (*Id.* at 41-42.) Second, he brings a claim (Count II) under Michigan's Whistleblower Protection Act, Mich. Comp. Laws § 15.361 et seq. alleging that he was retaliated against for "reporting a violation or suspected violation of law, regulation, or

rule" as a government employee. (*Id.* at 43–44.) Finally, he alleges WCERS breached

its contractual obligation—as defined in the Michigan Constitution—that his pension not

be "diminished or impaired." (*Id.* at 45-46.)

After Defendants moved to dismiss all three of these claims, the court ruled that

Plaintiff had pled a viable claim under Count I. (ECF No. 22.) The court, however,

ordered Plaintiff to show cause why it should not decline to exercise supplemental

jurisdiction over Plaintiff's two state law claims. (*Id.* at PageID.778.) Plaintiff has now

filed a response arguing that the court should exercise supplemental jurisdiction over

both state law claims. (ECF No. 24.) The court will now address these arguments.

### III. DISCUSSION

A federal court may exercise supplemental jurisdiction over each claim in an

action that shares a common nucleus of operative facts with a claim that invokes the

court's original jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715

(1966). However, the federal court need not exercise its authority to invoke

supplemental jurisdiction in every case in which it is possible to do so. *Id*. at 726.

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Id*.

Justification for this doctrine "lies in considerations of judicial economy, convenience,

and fairness to litigants." *Id*. Therefore, "[i]n deciding whether to exercise supplemental

jurisdiction . . . a judge must take into account concerns of comity, judicial economy,

convenience, fairness, and the like." *Senra v. Smithfield*, 715 F.3d 34, 41 (1st Cir.

2013). If these considerations are not present, "a federal court should hesitate to

exercise jurisdiction over state claims." *Gibbs*, 383 U.S. at 726. Additionally,

supplemental jurisdiction may be denied "if the federal claims are dismissed before

trial," if "it appears that the state issues subsequently predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims. *Id*. at 726-27.

Title 28 U.S.C. § 1367 authorizes federal courts to exercise supplemental jurisdiction. A court has the discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) if:

(1) the claim raises a novel or complex issue of state law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Subsections one, two, and four are relevant to the present action.

### A. Michigan's Whistleblower Protection Act

Plaintiff's Count II invokes Michigan's Whistleblower Protection Act ("WPA"), Mich. Comp. Laws §§ 15.361–69, which protects a public "employee" against retaliatory discharge for reporting a "violation or a suspected violation of a law or regulation or rule." *Mich. Comp. Laws* § 15.362. In its previous opinion, this court stated its concerns about exercising supplemental jurisdiction over this claim. (ECF No. 22, PageID.779-80. ("considering [Count II] would require this court to render novel interpretations of Michigan law on at least two different fronts.").) The court first observed that "[w]hile Plaintiff argues he should be classified as an appointed public official under Michigan statute governing retirement benefits, he instead alleges that he should be classified as a 'covered employee' under the WPA because the WPA does not cover government

5

officials." (*Id.*) Second, the court observed that Plaintiff's Count II would also require the court to make a determination on whether "the County and WCERS should be considered a 'single employer' or an 'integrated enterprise'" for purposes of the whistleblower statute. (*Id.*)

First, Plaintiff responds by arguing that the court "need not be concerned" about the adjudication of novel areas of state law because Plaintiff would easily be covered as an employee under the WPA because he is not an "elected official." (ECF No. 24, PageID.789.) In support, Plaintiff provides his interpretation of *Devine v. Bloomfield Twp.*, No. 330947, 2017 WL 2348719 (Mich. Ct. App. May 30, 2017). Second, Plaintiff argues that there are "multiple legal doctrines" that can be used to determine if a joint employment relationship exists—between Defendant Wayne County and Defendant WCERS—that would entitle the Plaintiff to protection under the WPA.

The court finds these reasons unconvincing. The very fact that Plaintiff points to a broad definition of "employee" under the WPA while also basing his First Amendment claim expressly on the premise that, for pension calculation purposes, he should not legally be considered a Wayne County employee is the type of situation where jury confusion is likely to occur. As Plaintiff observes, similar proofs are required to demonstrate both a First Amendment retaliation claim, and a Michigan WPA claim. (ECF No. 24, PageID.789.) The close parallel between the required proofs, but divergence in the standard used to determine what constitutes a public "employee" under the two statutes, makes jury confusion seem inevitable if the claims are tried at once.

Furthermore, the fact that "there are multiple legal doctrines that can be used to

6

find the existence of an employment relationship for the purposes of the WPA" does not necessarily counsel in favor of the court wading through a complex and unresolved area of state law to determine what doctrine best applies to this unique factual scenario. (*See* ECF No. 24, PageID.790.)

### B. Contractual Claim under the Michigan Constitution

Plaintiff's Count III invokes the Michigan Constitution's Art. 9, §  24 guarantee that pension benefits "shall be a contractual obligation thereof which shall not be diminished or impaired thereby" to argue that WCERS suspension of his pension payments amounted to a breach of contract. (ECF No. 5, PageID.45.) The court previously pointed out that analyzing Count III would likely require the court to determine "the scope and applicability of state Constitutional provisions and whether the provision essentially creates a private right of action." (ECF No. 22, PageID.780.) This court previously stated that it was hesitant to analyze such a novel question, especially when it had the potential to "'substantially predominate'" over the single federal count. (*Id.* (quoting *Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Plaintiff responds by arguing that if he had instead cast his contractual claim "as a substantive due process violation" the court would be required to conduct the "same analysis". (ECF No. 24, PageID.791.) Therefore, Plaintiff reasons the court should go ahead and conduct the analysis of the claim in its current form. (*Id.*)

At the outset, the court notes that it is not convinced that such a recasting of Plaintiff's claim as a Federal due process cause of action would be effective. *See Lansing Mercy Ambulance Serv. v. Tri-Cty. Emergency Med. Control Auth., Inc.*, 893 F. Supp. 1337, 1347 (W.D. Mich. 1995) ("The violation of the Michigan Constitution does

not also independently violate federal rights, including the due process clause."). But even if the court assumes, for the sake of argument, that Plaintiff could have pursued Count III under an alternative theory, such a recasting does not lessen the weighty and novel nature of the required interpretation of state law. *See, e.g., Davis v. City of Detroit*, No. 347931, 2020 WL 1488661, at *7 (Mich. Ct. App. Mar. 24, 2020) (declining to address "whether plaintiff had a private right of action under article 9, § 23, of Michigan's 1963 Constitution" because another ground existed for resolving the claim). And in such a situation, "even if [the] claim could be considered to raise a federal due process claim, abstention is [still] appropriate because there is an unclear state law, the resolution of which would obviate the need for deciding the federal constitutional question." *Lansing Mercy Ambulance Serv.*, 893 F. Supp. at 1348 (citing *Tyler v. Collins*, 709 F.2d 1106, 1108 (6th Cir.1983)). Therefore, the court will decline to exercise its supplemental jurisdiction over Count III and will dismiss the claim without prejudice.

## IV. CONCLUSION

The inclusion of Plaintiff's state claims with Plaintiff's federal count brought pursuant to 42 U.S.C. § 1983 could lead to jury confusion, raise a novel and complex issue of state law, and have the potential to predominate over the federal issues. Therefore, the court declines to exercise supplemental jurisdiction over Plaintiff's Michigan Whistleblower Protection Act and contract law claims. Accordingly,

IT IS ORDERED that Plaintiff's state law claims for violation of Michigan's

"Whistleblower Protect Act" (Count II) and breach of contract (Count III) are DISMISSED

WITHOUT PREJUDICE.


                                                    s/Robert H. Cleland            /
                                                    ROBERT H. CLELAND
                                                    UNITED STATES DISTRICT JUDGE

Dated:    March 25, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, March 25, 2021, by electronic and/or ordinary mail.

                                                    s/Lisa Wagner            /
                                                    Case Manager and Deputy Clerk
                                                    (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\20-11272.SEALS.DismissStateLawClaimsWithoutPrejudice.AAB.2.docx