**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DWAYNE SEALS,

    Plaintiff,

v.                                                             Case No. 20-11272

WAYNE COUNTY and WAYNE
COUNTY EMPLOYEES'
RETIREMENT SYSTEM, and
ROBERT GRDEN, in his individual
Capacity,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On March 25, 2021, the court issued an opinion and order dismissing Plaintiff's state law claims without prejudice. (ECF No. 25.) In the present motion, Dwayne Seals seeks reconsideration of the court's March 2021 ruling. (*See* ECF No. 27.) Plaintiff argues that the state law claims should not be dismissed because no circuit judge in Wayne County would be able to consider his case impartially. The court does not hold hearings on motions for reconsideration. *See* E.D. Mich. LR 7.1(h)(2). For the reasons explained below, the court will deny the motion.

**I.  DISCUSSION**

To prevail on a motion for reconsideration, Plaintiff "must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3); *see also Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011) (explaining that a motion

for reconsideration in the Eastern District of Michigan requires "the movant [to] show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case"). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001) (Lawson, J.)).

Plaintiff argues that the court failed to properly weigh the "issues of judicial economy, convenience, and fairness" when declining to exercise supplemental jurisdiction and dismissing Plaintiff's state law claims without prejudice. (ECF No. 27, PageID.808.) Specifically, he argues that the entire bench of Wayne County's Third Circuit Court would need to recuse itself from his case because the judges are employees of Defendant Wayne County and all receive benefits from Defendant Wayne County Employees' Retirement System. (*Id.*, PageID.809.) Plaintiff argues that he will either have his claims adjudicated by a biased judge or experience significant delay before an impartial judge can be found. (*Id.*)

Plaintiff's argument does not persuade. No case law indicates that this court should consider the potential recusal of state court judges as a factor when weighing the dismissal of a state law claim. No palpable defect in the opinion is shown thereby.

Plaintiff's line of argument is on its own terms unavailing. First, it is not self-evident that all judges in Wayne County would necessarily need to recuse. Recusal is generally left to the discretion of an individual presiding judge; this court offers no view as to its necessity in this case. As Plaintiff acknowledges, the Michigan Court Rules

2

contain a robust provision governing when a Michigan judge should be disqualified from a case. *See* MCR 2.003. The court is confident that Michigan's judges are capable of abiding by these rules, thereby assuring Plaintiff an unbiased arbiter. Even assuming*, arguendo,* that all Wayne County judges were required to disqualify themselves from a case, the court is confident that Plaintiff's claims could and would be efficiently assigned to an impartial judge from another county.

## II. CONCLUSION

Plaintiff has not demonstrated any palpable defect in the court's discretionary decision to dismiss Plaintiff's state law claims without prejudice.

Accordingly, IT IS ORDERED that Plaintiff's motion for reconsideration (ECF No. 27) is DENIED.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated:  April 15, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 15, 2021, by electronic and/or ordinary mail.

        s/ Lisa Bartlett for Lisa Wagner  
        Case Manager and Deputy Clerk  
        (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\20-11272.SEALS.MotionForReconsideration.AAB.RHC.docx