**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

DWAYNE SEALS,

        Plaintiff,

v.                                                      Case No. 20-cv-11272

WAYNE COUNTY EMPLOYEES'
RETIREMENT SYSTEM,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR RECONSIDERATION**

        This is a First Amendment retaliation case, stemming from Defendant Wayne County Employees' Retirement System's ("WCERS") suspension of Plaintiff Dwayne Seals' ("Mr. Seals") pension benefits following his criticism of WCERS's handling of Wayne County's employee pension fund. On November 10, 2022, the court issued an opinion and order denying WCERS's motion for summary judgment (ECF No. 52) while granting former Defendant Wayne County's ("the County") motion for summary judgment (ECF No. 54). (ECF No. 64.) In so ruling, the court found in relevant part that Mr. Seals established a prima facie case of First Amendment retaliation and that WCERS failed to show by a preponderance of the evidence that its decision to suspend Mr. Seals' pension benefits would have occurred regardless of his engagement in protected free speech. (Id. at PageID.2668–70, 2674–81.) Now pending before the court is WCERS's motion seeking reconsideration of the court's summary judgment denial. (ECF No. 66.) With leave of the court (ECF No. 67), Mr. Seals filed a response

(ECF No. 69). No hearing is required. *See* E.D. Mich. LR 7.1(h)(3). For the reasons provided below, the court will deny WCERS's motion.

## I. STANDARD

Local Rule 7.1(h) governs motions for reconsideration. In relevant part it provides as follows:

> **(2) Non-Final Orders.** Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2). It is well-established that "a motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Schs.*, 298 F.Supp.2d 636, 637 (E. D. Mich. 2003) (Lawson, J.).

## II. DISCUSSION

In moving for reconsideration, WCERS asserts both that the court committed outcome-altering mistakes and that new facts relevant to the court's analysis warrant a different conclusion. (ECF No. 66, PageID.2689.) The court disagrees.

### A. Mistakes

WCERS first attacks the court's determination that a reasonable jury could draw inferences of animus from WCERS's delay in reviewing the pension eligibility of Mr.

Seals' position within the Clerk's Office. (ECF No. 66, PageID.2689–2694.) WCERS asserts that the court mistakenly made "a reasonable but inaccurate assumption" that WCERS was informed of Mr. Seals' new position with the Clerk's Office in July or August of 2019 when it in fact did not learn of his rehire until its September 30, 2019 regular meeting. (Id. at PageID.2689–90.) Because it learned of Mr. Seals' new position on September 30th and tasked Wayne County Corporation Counsel Drew Van de Grift the very same day with investigating whether Mr. Seals' position was exempt from the thousand-hour rule, Mich. Comp. Laws § 46.12a(28), WCERS claims there was no delay in its review of Mr. Seals' pension eligibility. (Id. at PageID.2690–91.) And, by extension, no animus can be inferred because the only remaining evidence that the court relied upon—a mere "sarcastic" comment in an email by Corporation Counsel Kevin Kavanaugh and contested testimony from Tom Yee that 90% of WCERS's board was upset by Mr. Seal's public comments—is insufficient to prove a prima facie case as to causation. (Id. at PageID.2691–93.)

In response, Mr. Seals correctly argues that WCERS cannot claim it was unaware of his new position until September 30, 2019 because it uses new affidavits signed after the court's opinion as evidentiary support. (ECF No. 69, PageID.2897.) He further asserts that, even if WCERS did not delay its investigation into his pension eligibility, the outcome of the court's decision would not change because the court specifically ruled the temporal proximity between Mr. Seal's protected activity and WCERS's adverse action alone was sufficient to establish causation. (Id. at PageID.2897–98.) Rather, if anything, Mr. Seals contends that the affidavits cement an inference of retaliatory intent because he engaged in protected activity on September

3

30, 2019—the very day WCERS now claims it learned of Mr. Seals' new position and voted to investigate his pension eligibility. (Id.)

Mr. Seals' position is persuasive. WCERS ignores the court's prior finding that, "since his pension suspension came within two to three months of his last protected conduct, namely the October 31, 2019 email, a temporal connection exists in Mr. Seals' favor." (ECF No. 64, PageID.2669.) The court went on to indicate that "Mr. Seals has also produced circumstantial evidence to further bolster his claim." (Id.) In that discussion, the court then found the potential for a jury to infer animus from WCERS's seemingly delayed pension eligibility investigation. (Id.) The court further coupled WCERS's then-apparent delay with Mr. Yee's deposition testimony and Mr. Kavanaugh's email[1] to ultimately find that, "[w]hile perhaps not individually convincing, the aforementioned collectively sound in Mr. Seals' favor at this juncture, creating a genuine issue of material fact as to causation." (Id. at PageID.2670.) Therefore, even if the court were to consider WCERS's new affidavits indicating it did not learn of Mr. Seals' new position until September 30, 2019, a genuine issue of material fact as to causation would remain in light of the court's other findings.[2] WCERS's mistake argument in support of reconsideration thus fails.

---

[1] WCERS's skepticism regarding the strength of Mr. Yee's deposition testimony and the nature of Mr. Kavanaugh's email further reflects the existence of a genuine issue of material fact as to causation, ripe for a jury—and not the court—to decide.

[2] Mr. Seals' argument that WCERS's discovery of his position on September 30, 2019 further cements an inference of animus is also well met. Indeed, given what occurred at the September 30th regular meeting, namely, WCERS authorizing its special counsel, VanOverbeke, Michaud & Timmony, P.C. ("VMT"), to address in part Mr. Seals' September 30th email as "threatened legal action," as well as initiating an investigation into his pension eligibility after yet again addressing Mr. Seals' pension calculation complaints, a jury could reasonably infer that WCERS was hostilely motivated. (See ECF No. 58-14.)

## B.  New Facts

WCERS's next makes a hybrid mistake-new facts argument. WCERS submits the freezing of Mr. Seals' deputy clerk position with the Clerk's Office to free funds for a new temporary "Clerk Special Assistant" as new evidence that Mr. Seals' deputy clerk position is not permanent. (ECF No. 66, PageID.2694–98; ECF No. 66-2, PageID.2727–28.) WCERS essentially argues that, given the lack of permanency of Mr. Seals' position, Mr. Seals' deputy county clerkship fails the *Freedland* test, contrary to the court's prior findings. (ECF No. 66, PageID.2694–95.) This is underscored by the court's mistake regarding the completeness of the administrative record provided. (Id. at PageID.2695–98.) WCERS correctly points out that it included both VMT's legal opinion and Mr. Seals' appeal packet with its motion (ECF No. 52-4, PageID.1882–1961). (Id. at PageID.2695–96.) It asserts that these materials show how it relied on VMT's considerably greater analysis of the relevant law, specifically its discussion of *Raven v. Ret. Comm'n of Comm'rs of Wayne Cnty.*, 399 Mich. 585 (1977), to determine Mr. Seals' position was not eligible for exemption because of its lack of permanency. (Id.) With the record complete, and full deference accorded to its decision-making, WCERS argues that the court should revise its opinion and find that Mr. Seals' pension benefits were properly suspended. (Id. at PageID.2698.)

In response, Mr. Seals argues that consideration of VMT's legal opinion and his appeal packet would not change the outcome of the court's decision. (ECF No. 69, PageID.2899.) He contends that VMT's opinion "regurgitates the flawed analysis created by Wayne County's Corporation Counsel" with the "only potentially meaningful difference" being VMT's acknowledgment of the existence of additional caselaw

5

interpreting the *Freedland* factors. (Id.) More specifically, Mr. Seals points out that VMT's opinion does not consider other statutory bases for Mr. Seals' position or that Mr. Seals' job description contains statutorily mandated functions commensurate with the elected Wayne County Clerk's responsibilities—factors the court relied upon in coming to its decision. (Id. at PageID.2899–2900.) He further points out that VMT furnished its opinion on February 24, 2020, that is, after Mr. Seals received the January 17, 2020 letter notifying him of his pension suspension. (Id. at PageID.2900.) Though WCERS purports to rely on VMT's decision, because the suspension occurred in January of 2020 though not voted upon until February of 2020, Mr. Seals contends there is no evidence WCERS even relied upon VMT's opinion in suspending his pension. (Id.) As for the new evidence "in the form of a new job title for Mr. Seals," Mr. Seals asserts that permanency is only one factor of the *Freedland* test, meaning that the freezing of his position does not warrant a change in outcome in light of the court's other *Freedland* findings. (Id. at PageID.2901–02.)

WCERS is correct that the court failed to consider the properly filed opinion from VMT and Mr. Seals' appeal packet.[3] (ECF No. 52-4, PageID.1883–1961). However, it is yet unclear whether the court must reevaluate its prior determination that WCERS's decision to suspend Mr. Seals' pension benefits was not supported by substantial, competent evidence under a deferential standard, *Somberg v. Utica Cmty. Schs.*, 908

---

[3] The court suspects that the bench copy from which it was working was missing those materials. Regardless, no fault is assigned to WCERS for the court's oversight, as they properly filed the materials electronically. Additionally, the court did review other documents contained in the "missing" portion of the Administrative Record, as they were attached to other exhibits. (Compare ECF No. 52-2, PageID.1050–55 with ECF No. 52-4, PageID.1888–91; ECF No. 52-2, PageID.1141–43 with ECF No. 52-4, PageID.1892–94.)

6

F.3d 162 (6th Cir. 2018). The court previously ruled that the undisputed adverse action here was Mr. Seals' pension suspension. (ECF No. 64, PageID.2665–66.) But given the nuances of how Mr. Seals lost his pension eligibility, namely a determination in December of 2019 that he was not exempt under the elected-officials exception to the thousand-hour rule, it is too simplistic to characterize the adverse action as just the pension suspension. (ECF No. 52-2, PageID.1131–32; ECF No. 52-4, PageID.1865–67; ECF No. 58-19; ECF No. 58-20.) Rather, the decision to revoke the elected-officials exemption—the very mechanism through which the pension suspension ultimately occurred once Mr. Seals worked more than one thousand hours—must be included. With this expansion, as Mr. Seals points out, WCERS could not have relied on VMT's advisory opinion dated February 24, 2020 in revoking his pension eligibility at its February 24, 2020 regular meeting because the eligibility was already deemed revoked in December of 2019 with only Mr. Van de Gift's advisory opinion received. In this respect, WCERS's claim that it relied on VMT's advisory opinion in suspending Mr. Seals' pension benefits is disingenuous.

Nor would consideration of VMT's advisory opinion change the court's position. Having reviewed the opinion, the court finds its analysis echoes Mr. Van de Grift's without remarkable variation. Even absorbing WCERS's new evidence regarding the freezing of Mr. Seals' deputy clerk position would not alter the outcome because, once again, the permanency of the position is not dispositive. *Dearborn Fire Fighters Union, Local No. 412, I.A.F.F. v. City of Dearborn*, 394 Mich. 229, 309–10, 231 N.W.2d 226 (1975). Indeed, if anything is clear to the court, it is that the *Freedland* factors are susceptible to manipulation if two positions titled ""Deputy Register of Deeds/Chief

7

Financial Officer" and "Deputy County Clerk/Financial Officer" can yield inconsistent results when pressed for pension eligibility. WCERS's hybrid mistake-new facts argument in support of reconsideration thus fails.

### C. Remaining Arguments

Lastly, WCERS attempts to relitigate the question, already decided by the court, of whether it would have suspended Mr. Seals' pension regardless of Mr. Seals' engagement in protected activity, arguing that the "the 'legal correctness' of the legal opinions is wholly immaterial under a First Amendment retaliation analysis." (ECF No. 66, PageID.2699–2700.) Because it relied on multiple legal opinions concluding it had no discretion in suspending Mr. Seals' pension benefits and further had no reason to question said opinions' legitimacy, WCERS claims it cannot be found liable for retaliation. (Id.) Apart from being a relitigation argument prohibited during reconsideration, WCERS's recapitulation entirely ignores Mr. Seals' evidence of animus set forth by the court in its discussion of causation. (ECF No. 64.) Moreover, acceptance of WCERS's position would allow for retaliation to go unchecked so long as the retaliating person or entity secured a legal opinion validating his/her/its retaliatory conduct, regardless of said legal analysis' persuasiveness or lack thereof. Such a result is untenable. WCERS may very well have suspended Mr. Seals' pension benefits in accordance with proper procedures. However, the circumstances at this stage in the proceedings require a jury to resolve that question.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Defendant Wayne County Employees' Retirement System's "Motion for Reconsideration" (ECF No. 66) is DENIED.

          s/Robert H. Cleland      /
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  June 23, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 23, 2023, by electronic and/or ordinary mail.

          s/Kim Grimes      /
          Deputy Clerk

S:\Cleland\Cleland\EKL\Opinions & Orders\Civil\20-11272.SEALS.MotionForReconsideration.EKL.RHC.docx