## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DWAYNE SEALS,

        Plaintiff,

                                     Case No. 3:20-cv-11272
                                     Hon. Sean Cox

v.

WAYNE COUNTY EMPLOYEES'
RETIREMENT SYSTEM,

        Defendant.

| | |
|---|---|
| David A. Nacht (P47034) | Robert J. Abb (P76901) |
| Amanda M. Ghannam (P83065) | VanOverbeke, Michaud & Timmony, |
| NACHTLAW, P.C. | P.C. |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 501 Avis Dr, Ste 3 | 79 Alfred St. |
| Ann Arbor, MI 48108 | Detroit, MI 48201 |
| (734) 663-7550 | (313) 578-1200 |
| dnacht@nachtlaw.com | rabb@vmtlaw.com |
| aghannam@nachtlaw.com | |
| | Seth D. Gould (P45465) |
| | The Miller Law Firm, P.C. |
| | *Attorneys for Defendant* |
| | 950 W. University Dr., Ste. 300 |
| | Rochester, MI 48307 |
| | (248) 841-9402 |
| | SDG@millerlawpc.com |

## PLAINTIFF'S MOTION IN LIMINE
## REGARDING THE LAW OF THE CASE

      Plaintiff, Dwayne Seals, through counsel, moves this Honorable Court for a

ruling that as a matter of law and pursuant to the law of this case, he has established

the first two elements of his First Amendment retaliation claim, as follows:

1.      To establish his First Amendment retaliation claim, Plaintiff must establish that he engaged in protected activity; that the Defendant subjected him to an adverse action; and that Defendant was motivated at least in part by Plaintiff's protected activity.

2.      In its Order Denying Defendant WCERS' Motion to Dismiss (ECF No. 22), this Court ruled that as a matter of law, Mr. Seals had established that his speech was protected by the First Amendment.

3.      In its Order Denying WCERS' Motion to Dismiss (ECF No. 22), this Court also ruled that the suspension of Mr. Seals' pension and the resulting reduction in his monthly income of $5415.00 per month would be severe enough to deter an ordinary employee from engaging in protected activity and thus constituted an "adverse action" for purposes of a First Amendment retaliation claim.

4.      In its Order Denying Defendant WCERS' Motion for Summary Judgment (ECF No. 64), this Court reaffirmed its prior holding that as a matter of law, Mr. Seals' speech was protected, and the new facts in the record did nothing to change that determination.

5.      Also in its Order Denying Defendant WCERS' Motion for Summary Judgment (ECF No. 64), this court again ruled that Mr. Seals had established that he was subjected to an adverse action. The Court rejected Defendant's argument that the decision to suspend Mr. Seals' pension was "required by law".

6.     In its Order Denying Defendant WCERS' Motion for Reconsideration, the Court considered in even greater detail and again rejected Defendant's argument that it would have suspended Mr. Seals' pension benefits regardless of his protected activity because it did so in reliance on legal opinions provided by counsel.

7.     Accordingly, pursuant to the law of the case doctrine, under which "a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." (*United States v. Todd,* 920 F.2d 399, 403 (6th Cir.1990)), the law of this case is firmly established that Plaintiff's speech was protected by the First Amendment and that Defendant subjected Plaintiff to an adverse employment action.

8.     Plaintiff therefore moves this Honorable Court for a ruling that the law of this case precludes Defendant from presenting evidence or arguing at trial that Mr. Seals' speech was not protected or that he was not subject to an adverse action.

9.     Counsel for Plaintiff requested concurrence in this motion pursuant to L.R. 7.1; concurrence was not obtained as of the time of this filing.

                              Respectfully submitted,

                              **NACHTLAW, P.C.**

                              *By: /s/ Amanda M. Ghannam*
                              Amanda M. Ghannam (P83065)
                              David A. Nacht (P47034)
                              Attorneys for Plaintiff

Dated: August 31, 2023

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DWAYNE SEALS,

       Plaintiff,            Case No. 3:20-cv-11272
                                   Hon. Sean Cox

v.

WAYNE COUNTY EMPLOYEES'
RETIREMENT SYSTEM,

       Defendant.

| | |
|---|---|
| David A. Nacht (P47034) | Robert J. Abb (P76901) |
| Amanda M. Ghannam (P83065) | VanOverbeke, Michaud & Timmony, |
| NACHTLAW, P.C. | P.C. |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 501 Avis Dr, Ste 3 | 79 Alfred St. |
| Ann Arbor, MI 48108 | Detroit, MI 48201 |
| (734) 663-7550 | (313) 578-1200 |
| dnacht@nachtlaw.com | rabb@vmtlaw.com |
| aghannam@nachtlaw.com | |
| | Seth D. Gould (P45465) |
| | The Miller Law Firm, P.C. |
| | *Attorneys for Defendant* |
| | 950 W. University Dr., Ste. 300 |
| | Rochester, MI 48307 |
| | (248) 841-9402 |
| | SDG@millerlawpc.com |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE
## REGARDING THE LAW OF THE CASE

# TABLE OF CONTENTS

I. Introduction and Background ..................................................................1

II. This Court's Prior Decisions on the Elements of Plaintiff's First Amendment Claim ...............................................................................................1

   a. This Court Has Held That Plaintiff Engaged in Protected Activity. ...................1

   b. This Court Has Held That Defendant Took an Adverse Action Against Plaintiff. ...............................................................................3

III. Arguments To the Contrary Are Precluded by the Law of the Case. ...................5

IV. Conclusion ................................................................................8

PROOF OF SERVICE ...................................................................9

# TABLE OF AUTHORITIES

## Cases

*Farhat v. Jopke*, 370 F.3d 580, 593 (6th Cir. 2004) ...................................................2

*Hughes v. Region VII Area Agency On Aging,* No. 04-10355-BC, 2007 WL 603371 (E.D. Mich. Feb. 22, 2007)..........................................................................................6

*Ilnytskyy v. Equipnet, Inc.,* No. 19-12268, 2023 WL 4904264, at *13 (E.D. Mich. Aug. 1, 2023) ..............................................................................................................7

*Sweeney v. Corr. Med. Servs., Inc.,* No. 04-CV-40284, 2007 WL 2983967, (E.D. Mich. Oct. 12, 2007)...........................................................................................7

*United States v. Real Prop. In Section 9, Town 29 N., Range 1 W., Twp. of Charlton, Otsego Cnty., Mich.,* 308 F. Supp. 2d 791, 812 (E.D. Mich. 2004).......7

*United States v. Todd,* 920 F.2d 399, 403 (6th Cir.1990).........................................6

*Wilkins v. Jakeway*, 44 F. App'x 724, 727 (6th Cir. 2002) ...................................5, 6

## Statutes

42 U.S.C. §1983 .......................................................................................................6

## I.      Introduction and Background

Plaintiff filed the instant First Amendment retaliation case in April of 2020. In July 2020, Defendant WCERS moved to dismiss Plaintiff's Complaint; this Court denied Defendant's Motion to Dismiss. (ECF No. 22). The case proceeded through discovery. Defendant WCERS moved to dismiss the case again, this time on summary judgment. This Court denied Defendant's motion for summary judgment. (ECF No. 64). WCERS moved for reconsideration of the Court's Order. This Court denied Defendant's Motion for Reconsideration (ECF No. 70).

In each of these three separate opinions denying Defendant's attempts to dismiss Plaintiff's case, this Court ruled that as a matter of law, Plaintiff has established the first two elements of his First Amendment retaliation claim: that he engaged in protected activity and that Defendant took an adverse action against him. Now that the case is set for trial, the only question left for the jury (other than determining Plaintiff's damages) is that of the final element of causation (i.e., whether Defendant's adverse action was motivated at least in part by Plaintiff's protected activity). Applying the law of this case, this Court should issue a ruling that Plaintiff has established the first two elements of his case. Such a ruling would streamline the trial proceedings considerably.

## II.     This Court's Prior Decisions on the Elements of Plaintiff's First Amendment Claim

### a.  This Court Has Held That Plaintiff Engaged in Protected Activity.

1

Judge Cleland's Order on Defendants' Motion to Dismiss (ECF No. 22, PageID.766) stated: "The court determines <u>as a matter of law</u> whether a public employee engaged in constitutionally-protected speech. *Farhat v. Jopke*, 370 F.3d 580, 593 (6th Cir. 2004) (emphasis added). The Court "looks to the point or focus of the speech in question and what the speaker intended to communicate." (ECF No. 22, PageID.767). Plaintiff conceded that his speech touched a private concern (his own pension benefits) and thus constitutes "mixed speech". Where the "focus" of mixed speech is an expression of personal grievances, the speech is not protected. *Farhat* at 593. The Court went on to rule that despite concerns about his own pension, the focus of Plaintiff's speech was a matter of public, not private, concern. (ECF No. 22, PageID.767). Judge Cleland noted: "While Plaintiff clearly had a personal interest in the pension payments… Plaintiff expressly stated the money "will not have a significant bearing on my life. I am, however, concerned about the hundred[s] of retirees that Mr. Grden is cheating because of his inability to differentiate monthly average from yearly average." Such a large miscalculation, if true, would qualify as a newsworthy example of government malfeasance." (ECF No. 22, PageID.767-768).

The Court evaluated this issue under a more stringent standard at the summary judgment stage, after both parties exchanged discovery and Defendant had a thorough opportunity to present the whole record. As to the "protected conduct"

element, the Court's first comment was that it had "already considered and determined <u>as a matter of law</u> that Mr. Seals engaged in constitutionally protected speech…" (ECF No. 64, PageID.2664) (emphasis added). After discovery, new facts in the record "[did] nothing to change the court's determination that Mr. Seals' mixed speech primarily concerned public matters." (ECF No. 64, PageID.2665).

### b. This Court Has Held That Defendant Took an Adverse Action Against Plaintiff.

In its Order on Defendants' Motion to Dismiss, this Court found that "there is no question that a $5400 reduction in monthly income – due to an employee's alleged protected speech – would be enough to silence an ordinary employee" and thus constituted an adverse action. (ECF No. 22, PageID.768). Bearing in mind that it could not, at the motion to dismiss stage, consider the full record, the Court also rejected Defendant's argument that it could not have taken an adverse action because the decision to suspend Plaintiff's pension was "required by law". (ECF No. 22, PageID.772).

At the summary judgment stage, the Court incorporated its ruling where it "found unequivocally" that a reduction in monthly income of $5415.00 would be enough to silence an ordinary employee and held: "Mr. Seals has therefore again satisfied his initial burden of showing that his pension suspension was an adverse action." (ECF No. 64, PageID.2666). In its Motion for Summary Judgment, Defendant changed the focus of its argument slightly. Instead of arguing that the

3

pension suspension could not have been an adverse action because it was done on the advice of counsel, Defendant apparently conceded that the pension suspension was adverse, but that it would have made the same decision absent Mr. Seals' protected conduct. Regardless of how Defendant characterizes this prong of its argument, the underlying analysis is the same: Defendant claimed that the legal opinions provided by counsel eliminate its liability for unlawful retaliation.

The Court reviewed the memoranda penned by Wayne County Corporation Counsel Drew Van de Grift and concluded that they were "analytically flawed" and could not form the basis of "substantial, competent, and material [evidence], such that WCERS' decision should remain undisturbed." (ECF No. 64, PageID.2676-2681). Because WCERS "rested its entire argument on the legal correctness of Corporation Counsel's opinion" (ECF No. 64, PageID.2681), the Court rejected Defendant's argument that it would have suspended Mr. Seals' pension absent his protected conduct because doing so was required by law. This logic applies equally to, and negates, Defendant's argument that the pension suspension could not have been an adverse action because it was required by law.

The Court analyzed the argument even more thoroughly in its Order Denying Defendant's Motion for Reconsideration (ECF No. 70). In that Order, the Court considered the additional legal opinion provided to WCERS by outside counsel Robert Abb on February 24, 2020. The Court declined to "reevaluate its prior

4

determination that WCERS' decision to suspend Mr. Seals' pension benefits was not supported by substantial, competent evidence under a deferential standard." (ECF No. 70, PageID.2921). After reviewing the opinion, the Court found that it "echoes Mr. Van de Grift's without remarkable variation." (ECF No. 70, PageID.2922).

Further, the Court ruled that the adverse action at issue was not just the pension suspension itself, but that it necessarily included "the nuances of how Mr. Seals lost his pension eligibility, namely a determination in December of 2019 that he was not exempt under the elected-officials exception to the thousand-hour rule." Because "WCERS could not have relied on VMT's advisory opinion dated February 24, 2020 in revoking his pension eligibility at its February 24, 2020 regular meeting because the eligibility was already deemed revoked in December of 2019 with only Mr. Van de Grift's advisory opinion received", the Court found that "WCERS's claim that it relied on VMT's advisory opinion in suspending Mr. Seals' pension benefits is disingenuous." (ECF NO. 70, PageID.2922). The Court declined to overturn its prior ruling that Defendant subjected Mr. Seals to adverse actions. The law of this case is that this element of Mr. Seals' claim has been established.

## III.    Arguments To the Contrary Are Precluded by the Law of the Case.

The law of the case doctrine provides that "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Wilkins v. Jakeway*, 44 F. App'x 724, 727 (6th Cir. 2002) (internal citations omitted).

"Under the doctrine of the law of the case, a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." *United States v. Todd,* 920 F.2d 399, 403 (6th Cir.1990). Prior decisions in litigation should only be overturned under three "extraordinary" exceptions: "(1) subsequent to the issuance of the prior decision, substantially different evidence is presented, or (2) a contrary view of the law is issued by a controlling authority; or (3) the prior decision is clearly erroneous or would create a manifest injustice if allowed to stand." *Wilkins* at 727. None of those circumstances exist here.

This Court routinely applies the law of the case doctrine to avoid the time-consuming, costly, and unfair re-litigation of legal issues that have already been decided in the same litigation. For example, in *Hughes v. Region VII Area Agency On Aging,* No. 04-10355-BC, 2007 WL 603371 (E.D. Mich. Feb. 22, 2007), this Court applied the doctrine in its denial of a defendant's motion for summary judgment to the extent it sought to revisit thoroughly established 'law of the case' on who was a "state actor" for 42 U.S.C. §1983 purposes in a First Amendment case. Citing *United States v. Todd, supra,* the Court noted: "Courts generally should not reopen previously decided issues within the same litigation and should be reluctant to revisit prior decisions." *Id* at *2. Similarly, in this First Amendment case, the legal issues as to what constitutes "protected activity" and an "adverse action" have

already been decided. This Court should apply the law of the case and preclude Defendant from reopening legal arguments that have been definitively decided.

As another example, in *Sweeney v. Corr. Med. Servs., Inc.,* No. 04-CV-40284, 2007 WL 2983967, (E.D. Mich. Oct. 12, 2007), this Court denied a defendant's motion in limine where granting it would permit the defendant to essentially re-litigate a legal issue that had already been decided on summary judgment. Finding that the previous order was not clearly erroneous and its analysis was thorough and persuasive, the court declined to overturn its previous decisions. Here, the Court's three previous rulings have been similarly thorough and persuasive. This Court has had multiple opportunities to review the evidentiary record and make informed decisions. At every turn, the Court held that as a matter of law, Mr. Seals' speech was protected, and the actions taken against him were adverse.

Similarly, in *Ilnytskyy v. Equipnet, Inc.,* No. 19-12268, 2023 WL 4904264, at *13 (E.D. Mich. Aug. 1, 2023), the Honorable Judge Drain applied the law of the case doctrine to confirm that a prior finding by Judge Borman dictated the result of a plaintiff's motion in limine to bar certain testimony. And in *United States v. Real Prop. In Section 9, Town 29 N., Range 1 W., Twp. of Charlton, Otsego Cnty., Mich.,* 308 F. Supp. 2d 791, 812 (E.D. Mich. 2004), this Court found no clear error in in the determinations of predecessor judges who had rendered decisions in the case, and applied the law of the case doctrine to prevent the continued litigation of settled

issues. The same result is mandated here. The Court should not disturb the prior thorough, persuasive, and not clearly erroneous decisions made by Judge Cleland. Since Judge Cleland's prior rulings, there has been no new "**substantially different**" evidence, and none will be presented at trial, regarding the content of Mr. Seals' speech or the adverse action at issue. There has been no contrary view of the law issued by a controlling authority. And the Court's prior decisions are not clearly erroneous. The law of this case is settled. As a matter of law, Mr. Seals' speech was protected by the First Amendment, and WCERS' conduct constituted an adverse action.

## IV.    Conclusion

For these reasons, Plaintiff respectfully requests this Honorable Court apply the law of the case doctrine to preclude Defendant from presenting evidence or arguing at trial that Plaintiff did not engage in protected activity or that Defendant did not take an adverse action and issue a ruling that Plaintiff has, as a matter of law, satisfied these first two elements of his First Amendment claim.

Respectfully submitted,

**NACHTLAW, P.C.**

*/s/ Amanda M. Ghannam*
Amanda M. Ghannam (P83065)
David A. Nacht (P47034)
Attorneys for Plaintiff

Dated: August 31, 2023

8

**PROOF OF SERVICE**

The undersigned certifies that on this 31st day of August 2023, a copy of the foregoing Motion was filed via the Court's CM/ECF system, which will cause an electronic copy to be served on all counsel of record.

/s/ Karina Alvarez
Karina Alvarez, Litigation Paralegal