UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE B. SEALS,                    Case Number 20-cv-11272
                                    Honorable Sean F. Cox
        Plaintiff,                  Magistrate Judge Anthony P. Patti

v.

WAYNE COUNTY EMPLOYEES'
RETIREMENT SYSTEM,

        Defendant.
_____

**THE WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
REGARDING THE LAW OF THE CASE (ECF NO. 87)**

## Issues Presented

1.    Should Mr. Seals be permitted, utilizing the "law of the case" doctrine, to improperly obtain summary judgment on the first and second elements of his First Amendment retaliation claim, where this Court's predecessor did not render a final judgment on the merits, and where this Court's predecessor otherwise did not decide issues relating to elements of Mr. Seals' First Amendment retaliation claim?

➢ The Retirement System says **no.**

➢ Dwayne B. Seals says **yes**.

## <u>Controlling or Most Appropriate Authority</u>

*Bowles v. Russell*, 432 F.3d 668 (6th Cir. 2005)

*Kindle v. City of Jeffersontown, Ky*, 589 Fed. Appx. 747 (6th Cir. 2014)

## I.    BACKGROUND

Plaintiff, Dwayne B. Seals ("Mr. Seals"), is using his motion *in limine* regarding the "law of the case" to improperly obtain summary judgment[1] on the first and second elements of his First Amendment retaliation claim under § 1983. *See* ECF No. 87. Mr. Seals wrongly suggests that the "law of the case" doctrine applies and mandates that this Court must abide by this Court's predecessor's prior decisions that were made when it accepted all evidence and inferences in Mr. Seals' favor *without* the whole record (*i.e.,* without all facts and legal arguments presented), and without the Court and jury determining the credibility of trial witnesses. Mr. Seals' motion lacks merit for the additional reasons discussed below.

First, contrary to Mr. Seals' argument otherwise, Judge Cleland did **not** make any conclusive findings of law or fact that would be binding on this Court under the "law of the case" doctrine. Rather, Judge Cleland held merely, when viewing the evidence in a light most favorable to Mr. Seals as required under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56, Mr. Seals had established a "*prima facie* case" or "satisfied his initial burden" to proceed to the jury, which remains **subject to the**

---

[1] *See*, *e.g.*, *Dunn ex rel. Albery v. State Farm Mut. Auto Ins. Co*., 264 F.R.D. 266, 274–75 (E.D. Mich. 2009) ("[M]otions in limine are meant to deal with discrete evidentiary issues related to trial, and are not another excuse to file dispositive motions disguised as motions in limine."); *SPX Corp. v. Bartec USA*, 2008 WL 3850770, at *3 (E.D. Mich. 2008) ("Normally, motions in limine are not proper procedural devices for the wholesale disposition of theories or defenses.").

***Retirement System' rebuttal evidence presented at trial***. *See* ECF No. 64, PageID.2662-63; *Id*., at PageID.2665-66. As for Defendant, the Wayne County Employees' Retirement System ("Retirement System"), Judge Cleland also held that the Retirement System had not demonstrated by a "preponderance of the evidence" that the pension suspension would have occurred absent the protected conduct and, therefore, the Retirement System was not entitled to summary judgment. *Id.,* at PageID.2663 and PageID.2674-2681. Judge Cleland stated "the Retirement System has failed to make that showing ***at this stage***." *Id.*, at PageID.2681 (emphasis added). Further acknowledging the preliminary nature of these summary judgment rulings, Judge Cleland reiterated that "the Retirement System may very well have suspended Mr. Seals' pension benefits in accordance with proper procedures [which of necessity involves the existence and reliance on legal opinions]. However, the circumstances ***at this stage in the proceeding*** require a jury to resolve that question." ECF No. 70, PageID.2923. Additionally, the Court has not yet ruled on a key legal question, *i.e.*, whether Mr. Seals' speech was false, malicious, and/or reckless and therefore ***not*** protected under the First Amendment. *See*, *e.g.*, *Rudd v. City of Norton Shores, Michigan*, 977 F.3d 503, 514 (6th Cir. 2020) ("…the First Amendment does not protect a person who tells knowing or reckless lies or takes threatening actions."). Accordingly, the "law of the case" doctrine does not even apply.

Second, *in arguendo,* if this Court finds that the "law of the case" doctrine

does apply to the Court's previous, preliminary rulings, the Court should exercise its discretion to review the correctness of these "final" rulings. The "law of the case" doctrine is not mandatory; it is *discretionary*. Under these circumstances, as described below, Judge Cleland's rulings were unfairly premature, and wrong as a matter of fact and law. Accordingly, the Court should exercise its discretion to correct these fundamental errors before a final order is entered.

Mr. Seals' motion *in limine* (ECF. No. 87) should be denied in its entirety.

## II.   LEGAL STANDARD

"A motion *in limine* is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.' " *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984)). Eastern District of Michigan courts note that motions *in limine* serve the following purposes:

> To (i) facilitate trial preparation by providing information pertinent to strategic decisions; (ii) reduce distractions during trial and provide for a smoother presentation of evidence to the jury; (iii) enhance the possibility of settlement of disputes without trial; (iv) provide some additional insulation of the jury from prejudicial inadmissible evidence; and (v) improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial.

*See Equal Employment Opportunity Comm. v. Proctor Fin., Inc.*, 2022 WL 17448218, at *1 (E.D. Mich. 2022) (citations omitted). The Court's decision to grant

a motion *in limine* is discretionary. *See id*. Lastly, "motions *in limine* are meant to deal with discrete evidentiary issues related to trial, and are not another excuse to file dispositive motions disguised as motions *in limine*." *Dunn ex rel. Albery v. State Farm Mut. Auto Ins. Co.*, 264 F.R.D. 266, 274–75 (E.D. Mich. 2009).

"The law of the case … prevents the relitigation of an issue once there has been a judgment on the merits." *See Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir. 2005), aff'd 551 U.S. 205 (2007) (emphasis added); *see also GMAC Mortgage, LLC v. McKeever*, 651 Fed. Appx. 332, 339 (6th Cir. 2016) ("…law-of-the-case is designed to "prevent the relitigation of an issue once there has been a judgment on the merits.") (citations omitted). Although the doctrine "generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings," the "doctrine applies only to issues that have been decided explicitly[.]" *Bowles*, at 676-77 (citations omitted). Generally, "[i]t is within the sole discretion of a court to determine if a prior ruling should be reconsidered." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990).

## III.   LEGAL ARGUMENT

**1.   The Court has made only preliminary, non-final, and non-binding rulings of fact and law which remain subject to rebuttal evidence by the <u>Retirement System at trial (*i.e.*, the "law of the case" does not apply).</u>**

### A.   <u>Meaning of the Term "*Prima Facie*" Case</u>

Black's Online Dictionary (Free 2nd ed.), in pertinent part, defines "*prima*

*facie*" as follows:

> *Prima facie:* Lat. At first sight; on the first appearance; on the face of it; so far as can be judged from the first disclosure; presumably. A litigating party is said to have a prima facie case when the evidence in his favor is *sufficiently strong for his opponent to be called on to answer it. **A prima facie case, then, is one which is established by sufficient evidence, and can be overthrown only by rebutting evidence adduced on the other side***.

*See* https://thelawdictionary.org/prima-facie/ (last accessed September 12, 2023).

The use of the term "*prima facie*" does not mean any findings of law or fact have been decided, but rather that Mr. Seals' evidence was merely sufficient to proceed to trial, subject to rebuttal by the Retirement System. Notably, the Court only found that Mr. Seals had "alleged just enough facts to survive dismissal at this stage." *See* ECF No. 22, PageID.780; *see also* ECF No. 64, PageID.2681. Moreover, the Court concluded "the Retirement System may very well have suspended Mr. Seals' pension benefits in accordance with proper procedures. However, the circumstances at this stage in the proceedings required a jury to resolve that question." ECF No. 70, PageID.2923. Importantly, the Court did not award Mr. Seals partial or complete summary judgment pursuant to Fed. R. Civ. P. 56(f) or make findings pursuant to Fed. R. Civ. P. 56(g). Mr. Seals wrongly claims both occurred.

### B.    The Court's Opinions Were Not Final Conclusions of Fact or Law

Mr. Seals' motion only selectively quotes portions of the Court's three opinions (*i.e.*, relating to the motions to dismiss, motions for summary judgment,

and motion for reconsideration) to mislead the Court into believing that Judge Cleland made final, conclusive, and binding findings of law and fact. However, the actual language of the Court's opinions and orders, as quoted below, establishes that no such final findings were made.

### i.   *The Court's motion to dismiss opinion*

The Court repeatedly acknowledged that the standard for Fed. R. Civ. P. 12(b)(6) requires accepting all well-pled allegations in Mr. Seals' First Amended Complaint as true and drawing all reasonable inferences in Mr. Seals' favor. *See*, *e.g.*, ECF No. 22, PageID.763, 771. The Court also acknowledged the highly factual nature[2] of Mr. Seals' claims, including the need consider the whole record to make credibility determinations, including as follows:

> ➤ "Whether an employee's speech addresses a matter of public concern must be determined by ***the content, form, and context of a given statement, as revealed by the whole record***." *Connick*, 461 U.S. at 147-48. (*Id.*, at PageID.767)

> ➤ "Here, the alleged facts ***suggest*** that the focus of Plaintiff's speech was on a matter of public concern. While Plaintiff clearly had a personal interest in the pension payments, the purported pension miscalculation was costing Plaintiff only around $450 annually but costing all beneficiaries over $200,000; …. ***Such a large miscalculation, <u>if true</u>***, would qualify as a newsworthy example of government malfeasance…. Thus, Plaintiff has satisfied his ***initial burden*** of showing that his speech primarily addressed a matter of public concern." (*Id.*, at PageID.767-68)

---

[2] "This [First Amendment retaliation] inquiry is intensely context-driven[.]" *Gaspers v. Ohio Dept of Youth Servs.*, 648 F.3d 400, 412 (6th Cir. 2011).

➢ "Further, ***given the limited nature of the record before the court at the motion to dismiss stage, it is impossible to determine*** whether Plaintiff's appointed position would satisfy the other elements of *Freedland*." (*Id.*, at PageID.771)

➢ "When a person holds an appointed position authorized by statute, *Freedland* analysis ***becomes a highly fact-dependent inquiry that cannot be completed on the limited record available to the court***.… ***After drawing all inferences in favor of Plaintiff***[.] Consequently, the court cannot conclude ***at this stage*** that the *Freedland* factors required the suspension of Plaintiff's pension benefits as a matter of law." (*Id.*, at PageID.772)

➢ "While Defendants correctly observe that Michigan law requires deference be given to the pension board's determination when reviewing such an adjudication, the court is required to determine "whether the decision … was supported by competent, material and substantial evidence ***on the whole record***." (*Id.*, at PageID.772, fn. 4.)

➢ "To be sure, it seems ***unlikely that discovery will produce factual support for Plaintiff's claim of attorney misconduct***, but such a claim ***cannot be categorically dismissed on a 12(B)(6) motion***." (*Id.*, at PageID.773, fn. 5)

➢ "***But, for purposes of a 12(b)(6) motion, Plaintiff need only allege, not prove, causation***. See *Pack v. Martin*, 174 F. App'x 256, 265 (6th Cir. 2006). ***In fact, the issue of caution (sic) typically presents a "factual issue to be resolved by a jury."*** *Maben*, 887 F.3d at 267 (quoting *Harris v. Bornhorst*, 513 F.3d 503, 519-20 (6th Cir. 2008)). The timing between Plaintiff's criticism of the Retirement System and Defendants' alleged retaliatory conduct will be relevant at the summary judgment stage. ***But, at this stage in the proceedings, the court is persuaded that Plaintiff's allegations are at least sufficient to survive dismissal***. The court will deny Defendants' motions as to Count I." (*Id.*, at PageID.775)

At this stage of the lawsuit, neither party briefed or presented legal and factual arguments that Mr. Seals' repeated criticisms were false and made recklessly and

maliciously. Accordingly, the Court's order denying the defendants' motions to dismiss does not address, let alone decide, such questions.

### ii. *The Court's summary judgment opinion*

Again, despite Mr. Seals' claims to the contrary, the court made no final findings regarding the existence of a "public concern" or "adverse action". In pertinent parts, at the Fed. R. Civ. P. 56 stage, the Court stated as follows:

> ➢ "***All reasonable inferences from the underlying facts must be drawn*** "***in a light most favorable to the party opposing the motion***." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Moran v. Al Basit LLC,* 788 F.3d 201, 204 (6th Cir. 2015)." (ECF No. 64, PageID.2662)

> ➢ "To specifically survive a motion for summary judgment in a First Amendment retaliation suit, the non-moving party—here Mr. Seals— must "***make a prima facie case of retaliation***, …. "If [Plaintiff] establishes a prima facie case, the ***burden then shifts to [Defendants] to demonstrate 'by a preponderance of the evidence*** that the employment decision would have been the same absent the protected conduct.'" *Id.* (quoting *Eckerman v. Tenn. Dep't of Safety*, 636 F.3d 202, 208 (6th Cir.2010) (internal quotation marks omitted)). "Once this shift has occurred, summary judgment is warranted if, ***in light of the evidence viewed in the light most favorable to the plaintiff***, no reasonable juror could fail to return a verdict for the defendant." *Eckerman*, 636 F.3d at 208." (*Id.*, at PageID.2662-63)

> ➢ "Here, ***when viewed in light most favorable to Mr. Seals, the alleged facts continue to suggest that the focus of his speech was on a matter of public concern***." (*Id.*, at PageID.2664-65)

> ➢ "***Again, in its denial of Defendants' motions to dismiss, the court took up the issue of whether the suspension of Mr. Seals' pension benefits constituted an adverse action***. (ECF No. 22.) …. Mr. Seals has therefore again ***satisfied his initial burden*** of showing that his pension suspension was an adverse action." (*Id.*, at PageID.2665-66)

-8-

> ➢ "While perhaps not individually convincing, the aforementioned collectively sound in Mr. Seals' favor ***at this juncture, creating a genuine issue of material fact as to causation***." (*Id.*, at PageID.2670)

> ➢ "Once this shift has occurred, summary judgment is warranted if, in light of the evidence ***viewed in the light most favorable to the plaintiff***, no reasonable juror could fail to return a verdict for the defendant." (*Id.*, at PageID.2674)

Again, at this stage of the lawsuit, neither party briefed or presented legal and factual arguments that Mr. Seals' repeated criticisms were false and made recklessly and maliciously[3]. Accordingly, the Court's order denying the Retirement System's summary judgment motion does not address, let alone decide, these questions.

The Court also repeatedly acknowledged the parties disputed key facts, and that resolution of these factual disputes was required, including as follows:

> ➢ "***Critical to the resolution of this case are the events that transpired between July of 2019 and December of 2019***. While the parties may agree that certain events occurred throughout this time period**, *they vehemently diverge in their characterization of those events***." (*Id.*, at PageID.2660)

> ➢ "Such a large miscalculation, ***if true,*** would qualify as a newsworthy example of government malfeasance. *See Handy*-Clay, 695 F.3d at 543 (quoting 547 U.S. at 425) (noting that "[t]he [Supreme] Court reiterated . . . in *Garcetti* . . . that '[e]xposing governmental inefficiency and misconduct is a matter of considerable significance'"). Thus, Mr. Seals has again satisfied ***his initial burden*** of showing that his speech primarily addressed a matter of public concern." (*Id.*, at PageID.2664-65)

---

[3] Indeed, had the Retirement System introduced evidence concerning the falsity of Mr. Seals' speech at the summary judgment stage, Mr. Seals would have responded by claiming his speech was true, in order to create a dispute of material fact to proceed to trial.

> ➢ "Having determined that the Corporation Counsel's memoranda were analytically flawed, the court still must consider whether the Retirement System has shown by a preponderance of the evidence that it would have suspended Mr. Seals' pension benefits, regardless of his protected conduct. ***The Retirement System has failed to make that showing at this stage***." (*Id.*, at PageID.2681)

In addition, the Court concluded only that the Retirement System's determination to suspend Mr. Seals' benefits was not entitled to a deferential standard of review because it erroneously found (as discussed below) that the legal opinions upon which it was based was not "competent, material, and substantial evidence on the whole record." ECF No. 64, PageID.2675-76. In order words, the legal opinions, at that juncture of the lawsuit, did not justify a ruling as a matter of law in the Retirement System' favor. However, this holding does not prevent the Retirement System from presenting evidence and argument at trial that the legal opinions were not the product of any animus and that the Retirement System had to abide by these legal opinions finding that Mr. Seals was subject to 1,000-hour rule.

Moreover, the Court acknowledged that "all five factors are not necessarily indispensable under Michigan law, ***though the area admittedly appears unsettled***."[4]

---

[4] Notably, Wayne County's policy, titled "Retirants Return to Wayne County Employment", specifically requires the application of all five factors. It states: "Whether a retirant is an elected or appointed Wayne County official or holds a public office will be determined according to the following five factors as established by Michigan courts:" *See* ECF No. 80-1, PageID.3029.

ECF No. 64, PageID.2677. The Retirement System – whose Commission members are not attorneys (with one exception) – acted prudently by reasonably abiding by the legal decisions of two, independent attorneys that the five factors *were* indispensable.[5]

And, in its conclusion, the Court reiterated that "Mr. Seals has once again alleged ***just enough facts to survive summary judgment at this stage*** on his First Amendment retaliation claim against the Retirement System only." *Id.*, at PageID.2681.

### iii.   *The Court's motion for reconsideration opinion*

Again, in the Court's reconsideration order (ECF No. 70), the Court continued to acknowledge that Mr. Seals had only established a *prima facie* case because the Court viewed the facts solely in Mr. Seals' favor and that the jury was needed to resolve disputed issues of fact. It further opined as follows:

> ➢ In so ruling, the court found in relevant part that Mr. Seals established ***a prima facie case*** of First Amendment retaliation and that the Retirement System failed to show by a preponderance of the evidence that its decision to suspend Mr. Mr. Seals' pension benefits would have occurred regardless of his engagement in protected free speech. (ECF No. 70, PageID.2916)

> ➢ "… the Retirement System may very well have suspended Mr.

---

[5] As discussed below, the Court's preliminary finding that the five *Freedland* factors were not indispensable is wrong as a matter of law. And, stating further, one Commissioner is an attorney who serves as a prosecutor for the Wayne County Prosecutor's Office. He is not an expert in pension law.

Mr. Seals' pension benefits in accordance with proper procedures. However, the circumstances ***at this stage in the proceeding*** require a jury to resolve that question." (*Id.*, at PageID.2923)

### iv. *Accordingly, the "law of the case" doctrine does not apply*

Based on the foregoing, to date, the Court has not made any final rulings of fact or law which the Court must now follow pursuant to the "law of the case" doctrine. Rather, all three elements of Mr. Seals' First Amendment retaliation claim must be tried before this Court and the jury. Indeed, how can this Court's earlier orders – rendered at the motion to dismiss and summary judgment stages, where the pleadings, facts, and inferences were all construed in Mr. Seals' favor – now be used against the Retirement System before trial? As described in *Bowles v. Russell*, the Sixth Circuit explained "[t]he law of the case, like issue preclusion, or collateral estoppel, prevents the relitigation of an issue ***once there has been a judgment on the merits***." *See id.*, 432 F.3d 668, 676 (6th Cir. 2005), aff'd 551 U.S. 205 (2007) (emphasis added).[6] More obviously, the "doctrine applies only to issues that have been decided explicitly[.]" *Id.*, at 676-77 (citations omitted); *see also Howe v. City of Akron*, 801 F.3d 718, 739-740 (6th Cir. 2015) (citing 18B *Fed. Prac & Proc.*,

---

[6] *See also GMAC Mortgage, LLC v. McKeever*, 651 Fed. Appx. 332, 339 (6th Cir. 2016) ("…law-of-the-case is designed to "prevent[] the relitigation of an issue once there has been a judgment on the merits.") (citing *Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir. 2005); 18 *Moore's Federal Practice* § 134.20 (Matthew Bender 3d. ed.); *Howe*, 801 F.3d at 740)).

§4478 (4th ed. 2015) ("For a prior decision to control, the prior tribunal must have actually decided the issue."); *Quern v. Jordan*, 440 U.S. 332, 347, n. 18 (1979), *overruled on other grounds*; *Hafer v. Melo*, 502 U.S. 21 (1991) ("The doctrine of law of the case comes into play only with respect to issues previously determined.").

In *Bowles*, the Sixth Circuit did not apply the law of the case doctrine to an issue that was not explicitly determined by the district court below (*i.e.*, whether jurisdiction was "actually decided in a final judgment"). Here, there can be no dispute that the Court never addressed, let alone, decided, *at a minimum*, that Mr. Seals' repeated criticisms were false and made recklessly and/or maliciously. Just the opposite, the Court explicitly left that question to be decided at trial. Judge Cleland stated that "the alleged facts suggest that the focus of Plaintiff's speech was on a matter of public concern," so long as Mr. Seals' claim of such a large miscalculation was true. ECF No. 22, PageID.767-68; ECF No. 64, PageID.2664-65. In pertinent part, Judge Cleland stated:

> Here, when viewed in light most favorable to Mr. Seals, the ***alleged*** facts continue to suggest that the focus of the speech was on a matter of public concern. …. Such a large miscalculation, ***if true***, would qualify as a newsworthy example of government malfeasance. . . Thus, Mr. Seals has again satisfied his initial burden of showing that his speech primarily addressed a matter of public concern.

*Id.*, PageID.2664-65; *see also* ECF No. 22, PageID.767-68. Thus, Judge Cleland held that his preliminary finding, that Mr. Seals' speech concerned a matter of public concern, was *dependent* upon the Retirement System proving the falsity of Mr. Seals'

speech (*e.g.*, that the Retirement System was "short-changing," *i.e.*, cheating retirees).

This case is like *Kindle v. City of Jeffersontown, Ky*, 589 Fed. Appx. 747, 753 (6th Cir. 2014), where the Sixth Circuit noted, even though the issue of false speech was not raised during summary judgment *or* on appeal, it "simply assumed, without deciding, that plaintiffs' speech was true, and went on to address whether the speech was of public concern." *Id*. Critically, "[m]ere recitation of factual matters assumed for purposes of decision are not part of the mandate, nor do they form the 'law of the case.'" *Id*.  Here, it was assumed, without being decided, that Mr. Seals' speech was true. At a minimum, this issue and any others that were not previously decided must proceed to trial.

Other cases have reached similar conclusions. *See*, *e.g.*, *Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002) ("Because Judge Hood did not make a finding about [an issue], it was an abuse of discretion for Judge Borman to hold that the law-of-the-case doctrine barred him from considering this [undecided] issue."). *See also Merchants Pub. Co. v. Maruka Mach. Corp. of Am.*, 800 F. Supp. 1490, 1492 (W.D. Mich. 1992) ("The law of the case doctrine, however, does not apply in certain situations [and] questions that have not been decided do not become law of the case merely because they could have been decided.") (citations omitted).  *See also Bowles*, *supra* (gathering cases). Here, because no

conclusion of law or issue of fact has been actually and definitively decided, the "law of the case" doctrine does not apply.

2. *In arguendo,* **if the "law of the case" doctrine apples (*i.e.,* the Court made "final" rulings on issue(s) of law and/or fact), the Court should exercise its discretion to correct legal and factual errors.**

The term "law of the case" means two very different things depending on context. First, it may refer to the ***requirement*** that a district court follow the law as established by an appellate court in earlier proceedings in the same case. In other words, the appellate court's rulings are binding in subsequent proceedings. *See, e.g., Goldberg v. Maloney,* 692 F.3d 534, 538 (6th Cir. 2012); *Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306, 312 (6th Cir. 1997). Once an appellate court decides upon a rule of law, "that decision should continue to govern the same issues in subsequent stages of the same case." *Scott v. Churchill,* 377 F.3d 565, 569–70 (6th Cir. 2004). Here, there have been no Sixth Circuit rulings so the mandatory aspect of the law of the case doctrine is not applicable. Thus, Plaintiff's reliance on *Wilkins v Jakeway,* 44 F.App'x 724 (6th Cir. 2002), is misplaced as that case involves a prior Sixth Circuit decision and its mandatory application.

Second, the term may refer to the ***discretion*** that a district court may adhere to its own prior legal rulings in the same case. *See Pepper v. United States*, 562 *U.S.* 476, 506-07 (2011) (quoting *Arizona v. California,* 460 U.S. 605, 618 (1983)). In contrast to the mandate rule, which is a rule of preclusion, this aspect of the law of

the case doctrine does not limit the court's power, but merely directs its discretion. *Id*.[7] The Sixth Circuit in *United States v. Todd,* 920 F.2d 399, 403, fn. 1 (6th Cir. 1990), also relied upon by Mr. Seals, explains this distinction:

> The flexibility of this doctrine varies with the context of its application. Between coordinate courts, a court is not deprived of the power to revisit a previously decided issue, so long as the case remains within its jurisdiction. Yet, when a superior court determines the law of the case, an inferior court lacks the power to depart from it. *Litman v. Massachusetts Mut. Life Ins. Co.,* 825 F.2d 1506 (11th Cir.1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988).

Mr. Seals, relying on *Wilkins*, falsely states that this Court can only overturn prior decisions if "three 'extraordinary' exceptions" exist. ECF No. 87, PageID.3153. While this may be true in the context of the mandatory aspect of the law of the case doctrine, it does not apply here. Rather, the Sixth Circuit in *United States v. Todd,* 920 F.2d at 403, explicitly held that there are no such limits on this Court's power to exercise its discretion to overturn prior decisions as follows:

> We note that other courts have limited a court's discretion to revisit issues previously decided by another court. *See, e.g., Handi Inv. Co. v. Mobil Oil Corp.,* 653 F.2d 391, 392 (9th Cir.1981) (stating that decisions "should be followed unless there is substantially different evidence at a subsequent trial, new controlling authority, or the prior decision was clearly erroneous"). ***We do not think that such limitations are warranted. It is within the sole discretion of a court to determine if a prior ruling should be reconsidered. Thus, we decline to impose any conditions or limitations upon a court's power to review a prior ruling of another court.***

---

[7] The discretionary nature of the "law of the case doctrine" is further supported by Fed. R. Civ. P. 54(b), which allows the district court to reconsider and revise its earlier rulings at any time before the entry of judgment.

Even if the law of the case doctrine applies here, for example, if this Court concludes the prior rulings are final in nature, this Court should exercise its discretion and correct the Court's prior erroneous "final" rulings. For example, the Court should reconsider Judge Cleland's "final" conclusion of law regarding the application of the *Freedland* test. As stated in 18B *Fed. Prac. & Proc. Juris.*, § 4478.1 (3d. ed.):

> In all circumstances, an earlier ruling may come to seem wrong. ***Self-correction is manifestly important if the alternative is the greater delay and expense that would result from persisting in the error and eventual appellate reversal***. Even if reversal is not likely, the trial court will prefer to reach a just result.

Here, Judge Cleland erred with his criticism of the two legal opinions regarding their application of the *Freedland* factors and, as a result, wrongly decided that the Retirement System's board decision was not entitled to deference and the Retirement System had not established by a preponderance of the evidence that the same result would have occurred regardless of Mr. Seals' protected conduct. First, the Court relied ***only*** upon *Dearborn Fire Fighters Union, Local No. 412, I.A.F.F. v. City of Dearborn,* 394 Mich. 229, 309-10 (1975), in support of its holding that "all five factors are ***not necessarily indispensable*** under Michigan law, ***though the area admittedly appears unsettled***." ECF No. 64, PageID.2677-78. However, *Dearborn Fire Fighters* is not a binding precedent as only four justices participated in the

decision and the four split 2-1-1 as to the outcome.[8] *Dearborn Fire Fighters,* 394 Mich. 229, 231 N.W.2d 226 (1975) ("Before the Entire Bench, except SWAINSON, FITZGERALD and LINDEMER, JJ.") *Dearborn Fire Fighters,* 231 N.W.2d at 227. Thus, there was ***no majority opinion***. Moreover, "*Freedland* is not an all-or nothing test" which comes from the minority opinion of Justice G. Mennen Williams, which no other justice joined. *Id.*, at 261. Thus, it cannot be fairly said that the Michigan Supreme Court itself "indicated" anything about the *Freeland* factors in the *Dearborn Fire Fighters* case. Nonetheless, this is the only case cited by Judge Cleland for this critical and outcome determinative finding of law. ECF No. 64, PageID.2677-2678.

Additionally, *Dearborn Fire Fighters* is not relevant case law to the extent that it even represents case law without there being any majority opinion. As a result, there was no reason for *Dearborn Fire Fighters* to be cited in any of the legal opinions, despite Judge Cleland's criticism of this fact. ECF 64, PageID.2680. As of the date of this brief, outside of this case, *Dearborn Fire Fighters* is not cited in any subsequent cases applying the *Freedland* test.

This "not all or nothing" language in *Dearborn Fire Fighters* is contrary to

---

[8] As explained in the synopsis, "[t]wo of the four justices participating in the decision would further hold that the statute is unconstitutional…; the third justice would hold the statute constitutional in its entirety; and the fourth justice would hold the statute constitutional under the facts of the case[.]" *Id.*

Michigan law and both prior and subsequent Michigan Supreme Court decisions.

The Michigan Supreme Court has continued to rely on the five *Freeland* factors and

still describes them as being ***indispensable*** to a "public office/official" analysis.[9] *See*

*e.g., People v. Coutu*, 459 Mich. 348, 354 (1999) and *People v. Bruce,* 504 Mich

555, 563-564 (2019). As the Michigan Supreme Court explained in *Bruce*, at pp.

563-64:

> In *Coutu*, 459 Mich. 348, 589 N.W.2d 458, we considered the question whether a deputy sheriff is a public officer. There, we built on the foundation of *People v. Freedland*, 308 Mich. 449, 14 N.W.2d 62 (1944), in constructing our understanding of who qualifies as an officer. *Freedland* had considered many authorities, including *State v. Hawkins*, 79 Mont. 506, 257 P. 411, 418 (1927), which defined "public office of a civil nature" for purposes of Montana's constitutional prohibition on legislators holding multiple positions. The *Hawkins* court concluded that "***five elements are indispensable***" in any such office:"

Thus, as late as 2019, the Michigan Supreme Court is still identifying all of

the five *Freeland* factors as ***indispensable***. *Id*. This occurred recently and more than

fifty years after Justice Williams' dicta in *Dearborn Fire Fighters.*

Additionally, Judge Cleland's analysis of the final *Freedland* factor,

permanency and continuity of the position, completely ignores the ad hoc approach

---

[9]  As the area admittedly appeared unsettled to Judge Cleland, then Judge Cleland improperly found that the legal memoranda were "analytically flawed, such that they cannot form the basis of competent, material, and substantial evidence in support of the Retirement System' decision to suspend Mr. Mr. Seals' benefits." ECF No. 64, 2680-81.

taken by County Clerk, Ms. Cathy Garrett who created this position for Mr. Seals by simply "appointing" him for a position that was previously a non-appointed position.[10] Judge Cleland relied upon MCL § 600.571 for the proposition that "a financial component of the County Clerk's duties is recognized by statute." ECF No. 64, PageID.2680. If this was true, since every function performed through the County Clerk's office could be traced to statute, then ***every position*** in the County Clerk's office, from entry to highest level, technically meets the *Freedland* permanency factor. As a result, Judge Cleland conflated factor five (permanency) with factor three (powers conferred by legislative authority) and adopted an implausibly broad rule.[11] Most importantly, the Michigan Supreme Court does not analyze permanency in the manner adopted by Judge Cleland.[12] *See Bruce,* 504

---

[10]  Judge Cleland's concern over the fluidity of the *Freedland* factors only makes the fifth factor – permanency – an even more indispensable factor as it prevents manipulation of the 1,000-hour rule. If a county official can simply create a new position at will for certain retirees and then eliminate those positions after the retiree finally retires or moves to another position, then the rule found in MCL § 46.12a(28)(a) is rendered meaningless. This is why, when reviewing these types of cases, the Michigan Supreme Court found just two years after *Dearborn Fire Fighter*s, that the permanency factor was dispositive. *See Raven v. Retirement Commission of Commissioners of Wayne County*, 399 Mich. 585, 591-592 (1977).

[11]  Judge Cleland broadly construed the exceptions to the 1,000-hour rule. This is contrary to Wayne County's Policy's "Retirants Returning to Wayne County Employment" which states says that retires should only be "re-employed only when economically prudent and for short duration[.]" *See* ECF No. 80-1, PageID.3029.

[12] The need for permanency is also consistent with Wayne County's Policy "Retirants Returning to Wayne County Employment" including: "All department heads and

Mich. at 559:

> The permanence requirement of the fifth factor was satisfied because
> the statutory delegation of the state's policy power to qualifying federal
> agents used by defendants has been codified since 1999, the HST is an
> ongoing invocation of the delegated authority, and defendants were on
> long-term assignments.

In addition, the only remotely "financial" component of MCL § 600.571(d)

states: "On the first day of each court terms [the County Clerk shall] render an

accounting to the court of all funds, stocks or securities deposited with the court

clerk pursuant to court order." The statute does not create a financial officer position

and such a skeletal description hardly suggests a need for a separate "financial

officer" to carry out the County Clerk's duty. Based on that statute, a decision to

create a "Deputy Clerk/Financial Officer" position would be a purely discretionary

and administrative decision by the County Clerk, and not a mandated one as required

by factor three of *Freedland*. Judge Cleland leaps from that to there being "as such

some permanency … derived from Mr. Seals' position" is a non sequitur. Even

assuming the duties of a County Clerk contain a financial component, the existence

of an implied duty to have a "financial officer" does not follow. There is no implicit

duty to have a financial officer or that the financial component of the County Clerk's

---

those managing a retirant must assist in assuring adherence to the 1,000 hour Rule."
and "Retirants should be re-employed only when economically prudent and for a
short duration." *See* ECF No. 80-1, PageID.3029.

duties (relating to only a sliver of the County Clerk's court-related duties) confers permanency on an employee assigned to finance-related tasks.

In its motion for reconsideration, the Retirement System produced proof that Mr. Seals' deputy clerk position was frozen in order to free the funds for a new temporary "Clerk Special Assistant" position. As a result, the Retirement System argued that this was "new evidence" that Mr. Seals' Deputy Clerk position is not permanent as required under factor five of the *Freedland* test. ECF No. 70, PageID.2920. Notably, Judge Cleland did not dispute the import of this new evidence. Rather, Judge Cleland – once again relying only on *Dearborn Fire Fighters* – held that: "Even absorbing the Retirement System's new evidence regarding the freezing of Mr. Seals' deputy clerk position would not alter the outcome because, ***once again, the permanency of the position is not dispositive***." ECF No. 70, PageID.2922. Judge Cleland erred when holding, based only upon *Dearborn Fire Fighters*, that factor five of the *Freedland* test was not indispensable. As a result of this clear error, the Court improperly denied the Retirement System's motions for summary judgment and for reconsideration. Therefore, this Court should independently decide if Judge Cleland's interpretation of the *Freedland* test was warranted, especially as this interpretation significantly impacted upon the deferential discretion that should have been given to the Retirement System's board's decision to suspend Mr. Seals' pension. It is only because of such error that

the Retirement System was not granted summary judgment.

## IV.   CONCLUSION

WHEREFORE, the Retirement System respectfully requests that this Court deny Plaintiff's motion *in limine* regarding the law of the case (ECF No. 87) in its entirety.

Respectfully submitted by,

**THE MILLER LAW FIRM, P.C.**

/s/ Seth D. Gould
Seth D. Gould (P45465)
Jacob M. Campbell (P83900)
950 W. University Dr., Ste. 300
Rochester, MI 48307
T: (248) 841-2200
F: (248) 652-2852
Email: sdg@miller.law
Email: jc@miller.law

and

**VANOVERBEKE, MICHAUD, TIMMONY, P.C.**

/s/ Robert J. Abb
Robert J. Abb (P76901)
79 Alfred St.
Detroit, MI 48201
T: (313) 578-1200
Email: rabb@vmtlaw.com

*Attorneys for the Retirement System*

Date: September 14, 2023

-23-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE B. SEALS,                          Case Number 20-cv-11272
                                          Honorable Sean F. Cox
     Plaintiff,                          Magistrate Judge Anthony P. Patti

v.

WAYNE COUNTY EMPLOYEES'
RETIREMENT SYSTEM,

     Defendant.

_____

## <u>PROOF OF SERVICE</u>

I hereby certify that on September 14, 2023, a copy of the foregoing document was filed electronically through the Court's electronic filing system, which will provide notice to all counsel of record.

/s/ Seth D. Gould
Seth D. Gould

-24-