UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE SEALS,

    Plaintiff,

v.                                                          Case Number 20-11272

WAYNE COUNTY EMPLOYEES'          Sean F. Cox
RETIREMENT SYSTEM,                   United States District Court Judge

    Defendant.
_____/

**OPINION AND ORDER
ADDRESSING EIGHT MOTIONS IN LIMINE**

In this § 1983 action, Plaintiff Dwayne Seals's First Amendment retaliation claim against Defendant Wayne County Employees' Retirement System is scheduled to proceed to a jury trial commencing on September 21, 2023. The parties filed nine motions in limine. The Court concludes that oral argument is not necessary and shall decide the motions without hearing. Local Rule 7.1(f). This Opinion and Order sets forth this Court's rulings on eight of these motions.

**BACKGROUND**

On April 17, 2020, Plaintiff Dwayne Seals ("Plaintiff" or "Seals") filed this action against three Defendants: 1) Wayne County; 2) the Wayne County Employees' Retirement System; and 3) Robert Grden ("Grden"). The action was assigned to the Honorable Robert Cleland. Attorney Robert Abb has represented the System from the onset of this case.

Defendant Grden was the Executive Director of the System and Plaintiff sued him in his individual capacity in this case. On August 4, 2022, however, Plaintiff dismissed his claims

against Grden with prejudice.  (*See* ECF No. 59).

At this juncture, the only remaining Defendant is the Wayne County Employees' Retirement System ("Defendant" or "the System") and the only remaining claim is Plaintiff's § 1983 First Amendment retaliation claim.  The Court includes here only the information that is relevant to the pending motions in limine.

Plaintiff's First Amended Complaint is the operative pleading.  In it, Plaintiff asserted several claims, including his federal First Amendment retaliation claim, along with several state-law claims.  Plaintiff requested monetary damages to compensate him for his "economic losses" that arose from the alleged First Amendment retaliation by the System.  The Amended Complaint does not include a request for punitive damages.

Judge Cleland's May 21, 2021 Scheduling Order provided a discovery deadline of October 27, 2021.  (ECF No. 35).  Discovery and the dispositive motion cutoff was later extended by stipulations and orders but a new or amended scheduling order was not issued.

The May 21, 2021 Scheduling Order provides that a preliminary witness list be filed by June 1, 2021, and a final witness list be filed on October 13, 2021.  (ECF No. 35).  It provides that "Witness lists must include after each witness's name an informative synopsis (one or two sentences) outlining the witness's expected testimony." (*Id.* at 2-3).  It further provides that, if a party wishes to add an additional witness, that party must file "a motion supported by a showing of good cause." (*Id.* at 2).  With respect to expert reports, Judge Cleland's Scheduling Order provides as follows:

> 5.     **EXPERT REPORTS REQUIRED BY Fed. R. Civ. P. 26(a) (2) (B):**
> The report of a proposed expert witness for Plaintiff must be provided to

opposing counsel **not later than fifty-six days (eight weeks) before the end of discovery.** Plaintiff's expert must be available and prepared for deposition within **fourteen days** after the date the expert report is provided (i.e., not later than six weeks before the end of discovery).

The report of any proposed expert witness for Defendant must be provided to opposing counsel **not later that twenty-eight days (four weeks) before the end of discovery.** Defendant's expert must be available and prepared for deposition within **fourteen days** after the date the expert report is provided (i.e., not later than two weeks before the end of discovery.

In the event that a 26(a)(2)(B) report and deposition availability is not provided as required herein, the proposed expert testimony may be excluded. Expert reports are not to be filed with the court unnecessarily (*e.g.,* an expert report might be filed as an exhibit to a *Daubert* motion).

(ECF No. 38 at 3).

The System filed a Motion to Dismiss. Judge Cleland denied the motion to dismiss the First Amendment retaliation claim against the System and declined to exercise supplemental jurisdiction over the state-law claims. (ECF No. 22).

After the close of discovery, the System filed a summary judgment motion. In an Opinion and Order issued on November 10, 2022, Judge Cleland denied the motion. Judge Cleland noted that to establish a prima facie claim for First Amendment retaliation, the plaintiff must establish: 1) that he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) "there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by [his] protected conduct." (ECF No. 64 at 10) (citation omitted). In addressing the first element, Judge Cleland's Opinion and Order stated that, in "its denial of Defendants' motions to dismiss, the court already considered *and determined as a matter of law that Mr. Seals engaged in constitutionally protected speech* in accordance with *Farhat v. Jopke,* 370 F.3d 580, 592 (6th Cir. 2004)." (*Id.*) (emphasis added). Next, he explained that "[t]he *court*

3

*found unequivocally* that a reduction in monthly income of $5,415.00 due to an exercise of protected conduct would be enough to silence an ordinary employee." (*Id.* at 11) (emphasis added). As to the third element, Judge Cleland found "that a genuine issue of material fact does exist as to causation" with respect to the claim against the System. (*Id.* at 14).

The System filed a Motion for Reconsideration and Judge Cleland denied it in an Opinion and Order issued on June 23, 2023.

This case was reassigned to the undersigned judge on July 28, 2023. Due to the age of this case, this Court scheduled the jury trial to commence on September 21, 2023.

## ANALYSIS

"A motion in limine is a motion made "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). A motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions. *Id.*

Trials, however, are dynamic, and a district court should grant a motion in limine "only when that evidence is clearly inadmissible on all potential grounds." *Palmer v. Allen*, 2017 WL 218077 at *1 (E.D. Mich. Jan. 19, 2017) (quoting *Indiana. Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d, 844, 846 (N.D. Ohio 2004)). In cases where that high standard is not met, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in a proper context." *Id.*

Denial of a motion to exclude evidence in limine does not necessarily mean that the Court will admit the evidence at trial. *See Luce v. United States,* 469 U.S. 38, 41 (1984). And

4

"even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Id*. at 41-42.

The parties filed the following nine motions in limine in this case.

**1.  Plaintiff's Motion to Exclude Evidence Of Underlying Pension Calculations (ECF No. 86)**

In this motion, Plaintiff asks the Court to "preclude Defendant from presenting evidence or arguments at trial regarding the calculation of Plaintiff's pension or that of other retirees." (Pl.'s Br. at 6). In support of this motion, Plaintiff asserts as follows:

> This case involves Plaintiff Dwayne Seals' publicly stated concerns, beginning in July 2019, that Defendant, the Wayne County Employees' Retirement System, is "cheating" retirees by miscalculating their pension payments. Defendant, unsurprisingly, maintains that it calculates retirees' pensions correctly. Plaintiff's First Amendment claim requires him only to establish that he engaged in protected speech (which this Court has determined he has), that Defendant took an adverse action against him, and that the adverse action was motivated by his protected activity. The case does not require the Court, or the jury, to find that either party was correct about the proper way to calculate the underlying pension. Evidence and arguments about the underlying pension calculations is irrelevant; cannot be properly introduced through either lay or expert witnesses; will confuse and distract the jury from the First Amendment claim before them; and will unnecessarily prolong this trial.

(*Id*. at 1).

In response to this motion, the System asserts that evidence of the underlying pension calculations is relevant to the issues to be tried before the jury and that it can be presented rather quickly, without any expert testimony. The System's main focus is that this evidence is relevant as to whether Plaintiff's speech was protected.

As explained elsewhere in this Opinion and Order, Judge Cleland already ruled, as a matter of law, that Plaintiff's speech was protected. That ruling is law of the case and that issue will not be revisited at trial. In addition, this Court is ruling that the System cannot present

5

expert witnesses as trial, and it also may not call Abb, Nicholas, or Kettner as witnesses at trial. Thus, this motion is GRANTED to the extent that the Court RULES that the System may not present evidence of the underlying pension calculations in an attempt to argue that Plaintiff's speech was not protected.

That said, depending upon how the proofs play out, evidence of the underlying pension calculations may be relevant as to issues concerning causation. Such evidence may be relevant to show that the System had no reason or motivation to punish Seals for his speech. If evidence of those calculations becomes relevant during the course of the trial, Defense Counsel may request to use, reference or admit such evidence, so long as the request is made outside the presence of the jury.

**2.      Plaintiff's Motion Regarding Law of the Case (ECF No. 87)**

After the close of discovery, the System filed a summary judgment motion. Judge Cleland denied it in his November 10, 2022, Opinion and Order. In addressing the first element of a prima facie claim for First Amendment retaliation, Judge Cleland stated that, in its "denial of Defendants' motions to dismiss, the court already considered *and determined as a matter of law that Mr. Seals engaged in constitutionally protected speech* in accordance with *Farhat v. Jopke,* 370 F.3d 580, 592 (6th Cir. 2004)." (11/10/22 Opinion & Order at 10) (emphasis added). Next, he explained that "[t]he *court found unequivocally* that a reduction in monthly income of $5,415.00 due to an exercise of protected conduct would be enough to silence an ordinary employee." (*Id.* at 11) (emphasis added). As to the third element, Judge Cleland found "that a genuine issue of material fact does exist as to causation" with respect to the claim against the System. (*Id.* at 14).

6

Nevertheless, in the Joint Final Pretrial Order, the System now takes the position that the issue of whether Plaintiff engaged in protected conduct has not been decided by Judge Cleland and that it is a determination for the Court to make at "the conclusion of trial, and be based" on whole record. (JFPO at 10-11). The System also takes the position that there was no adverse action. (*Id.* at 12-14).

As a result, Plaintiff filed a "Motion In Limine Regarding The Law Of The Case" (ECF No. 87) wherein he asks the Court "to apply the law of the case doctrine to preclude Defendant from presenting evidence or arguing at trial that Plaintiff did not engage in protected activity or that Defendant did not take an adverse action and issue a ruling that Plaintiff has, as a matter of law, satisfied these first two elements of his First Amendment claim." (*Id*. at 8). Plaintiff asserts that pursuant to the law of the case doctrine, under which 'a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation.' (*United States v. Todd,* 920 F.2d 399, 403 (6th Cir. 1990)), the law of this case is firmly established that Plaintiff's speech was protected by the First Amendment and that Defendant subjected Plaintiff to an adverse action." (*Id*. at 3). Plaintiff contends that:

> In each of these three separate opinions denying Defendant's attempts to dismiss Plaintiff's case, [Judge Cleland] ruled that as a matter of law, Plaintiff has established the first two elements of his First Amendment retaliation claim: that he engaged in protected activity and that Defendant took an adverse action against him. Now that the case is set for trial, the only question left for the jury (other than determining Plaintiff's damages) is that of the final element of causation (i.e.,
> whether Defendant's adverse action was motivated at least in part by Plaintiff's protected activity). Applying the law of this case, this Court should issue a ruling that Plaintiff has established the first two elements of his case. Such a ruling would streamline the trial proceedings considerably.

(Pl.'s Br. at 1).

7

The Court agrees with Plaintiff. "As the name of the doctrine suggests, 'findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Sandmann v. New York Times Co.*, __ F.4th __, 2023 WL 5274469 at *6 (6th Cir. Aug. 16, 2023) (quoting *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)). "The law of the case dictates that issues, once decided, should be reopened only in extraordinary circumstances." *Hayden v. Rhode Island*, 13 F. App'x 301, 302 (6th Cir. 2001) (citation omitted). A district court's application of the doctrine is reviewed for abuse of discretion. *Sandmann, supra*, at *6.

Here, Judge Cleland ruled, as a matter of law, that Plaintiff engaged in protected activity. (11/10/22 Opinion & Order at 10). Judge Cleland also found *"unequivocally* that a reduction in monthly income of $5,415.00 due to an exercise of protected conduct would be enough to silence an ordinary employee." (*Id.* at 11). Judge Cleland's rulings are law of the case and will not be revisited by this Court, after reassignment of this case, as the System has offered no extraordinary circumstances for doing so. *Hayden, supra.*

Accordingly, the Court GRANTS this motion to the extent that the Court RULES that the System is precluded from presenting evidence, or arguing at trial, that Plaintiff did not engage in protected activity or that Defendant did not take an adverse action.

### 3.     Plaintiff's Motion to Exclude Testimony of Robert Abb (ECF No. 88)

In this motion, Plaintiff asks this Court to preclude defense counsel, Robert Abb, from testifying as a witness at trial. Plaintiff contends that the Court should preclude Mr. Abb from

testifying as a witness at trial for a multitude of reasons, including that: 1) allowing him to testify would violate Local Rule 83.3 and the Michigan Rules of Professional Conduct 3.7(a); 2) Mr. Abb's testimony is not relevant to the issues to be tried; and 3) Mr. Abb should not be permitted to selectively waive attorney-client privilege at trial after using the privilege as a shield throughout the course of this litigation.

In response to this motion, the System asserts that Robert Abb has been known to be an important fact witness "since before this lawsuit" was filed and faults Plaintiff for not deposing Mr. Abb during discovery.

The Court hereby GRANTS Plaintiff's motion to the extent that it RULES that attorney Robert Abb, who has been counsel of record in this matter since the onset of the case, shall not be permitted to testify at trial in this matter. Among other things, Judge Cleland's Scheduling Order in this case required the parties to file witness lists identifying the name of each witness that it may call at trial, along with "an informative synopsis (one or two sentences) outlining the witness's expected testimony." (ECF No. 35 at 203). Notably, the System did not list Robert Abb as a witness it may call at trial on its witness list. (*See* System's Witness List, ECF No. 38). And the System did not file a motion (much less one with "good cause") seeking leave to add Mr. Abb as a witness at any point after filing its witness list, as is required by the Scheduling Order in this case.

In addition, although the System believed its own defense counsel to be a crucial fact witness since before this case was even filed, it never sought leave of Court to call Mr. Abb as a witness at trial during the three years this case has been litigated. *See* Local Rule 83.30(a) ("Attorney as a Witness. No attorney shall, without leave of the Court secured in advance of

9

trial when feasible, conduct the trial of an action in which he or she is to be a witness.").

Accordingly, neither party may call Robert Abb as a witness at trial.

**4.      Plaintiff's Motion to Exclude Evidence Of Plaintiff's Communications Prior to July 2019 and Subsequent to May 2020 (ECF No 89)**

In this motion, Plaintiff asks this Court to "preclude Defendant from presenting evidence or arguments at trial regarding any concerns about Plaintiff's pension or emails sent by Plaintiff regarding such concerns prior to July 29, 2019 and after May 24, 2020." (Pl.'s Br. at 10).

Plaintiff contends those communications are not relevant, that the evidence may be more prejudicial than probative, and that admission of the communications may be improper character evidence.

In response to this motion, the System makes two basic arguments: 1) that this evidence is relevant to rebutting Plaintiff's claim that the System acted to punish Plaintiff; and 2) this evidence rebuts Plaintiff's claim that his speech is protected. As to the second argument, Judge Cleland already ruled, as a matter of law, that Plaintiff's speech was protected. That ruling is law of the case and that issue will not be revisited at trial. Thus, this motion is GRANTED to the extent that the Court RULES that the System may not present evidence of the communications at issue in an attempt to argue that Plaintiff's speech was not protected.

The motion is DENIED WITHOUT PREJUDICE in all other respects. Depending upon how the proofs play out, evidence of these communications may be relevant as to issues concerning causation. Because trials are dynamic, the Court shall wait and see how the proofs play out, and how the System proposes to use evidence of the communications at issue, before making a ruling. Deferring a ruling allows questions of foundation, relevancy, and potential prejudice to be resolved in the proper context.

10

If evidence of these communications becomes relevant during the course of the trial, Defense Counsel may request to use, reference or admit such evidence, so long as the request is made outside the presence of the jury.

**5.     Plaintiff's Motion To Exclude References to Plaintiff's Job Title/Status Change Pursuant to Fed. R. Evid. 401, 402 and 403 (ECF No. 90).**

In this motion, Plaintiff asks this Court to preclude the System from introducing evidence as to Plaintiff's job title/status having changed, in November of 2022, from Deputy Clerk/Chief Financial Officer to Chief Deputy Clerk and Chief Financial Officer.  Plaintiff believes that the System may try to "introduce evidence of the job title/status as evidence that Plaintiff's position was not permanent, re-hashing prior discussions related to the *Freeland* factors."  (Pl.'s Br. at 2) Plaintiff also asserts that evidence of Plaintiff's job title or status after December 16, 2019 (the date in which the System made the decision to stop pension benefits) is irrelevant and may confuse the jury.

In response to this motion, the System contends that this evidence should be permitted because it is relevant to rebutting his damages claim and showing that he failed to mitigate his damages.  It contends that this evidence may also be relevant as to issues concerning causation.

Plaintiff has not met the high standard for a motion in limine regarding references to Plaintiff's job title and status changes, and the Court concludes that the evidentiary ruling on the issue should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may resolved in the proper context.  Thus, this motion is DENIED WITHOUT PREJUDICE.  If this evidence becomes relevant during the course of the trial, Defense Counsel may request to use, reference or admit such evidence, so long as the request is made outside the presence of the jury.

**6.     Plaintiff's Motion to Exclude Michael Nicholas and Mark Kettner's Testimony Pursuant to Fed. R. Civ. P. 26 and Fed. R. Evid. 701 and 702 (ECF No. 91)**

The only witness list filed by the System is its June 1, 2021 "Preliminary Witness List." (ECF No. 38). On it, the System listed an unidentified representative "from George Johnson & Company – *Expert witness* to testify concerning pension calculations." (*Id*. at ¶ 13) (emphasis added). Thus, the System listed an unidentified expert witness from George Johnson & Company. The System did not identify Michael Nicholas or Mark Kettner as fact witnesses.

In the Joint Final Pretrial Order, the System states that it "may call:" 1) "Michael Nicolas (George Johnson & Co);" and 2) "Mark Kettner (Rehmann Robson)." (Joint Final Pretrial Order at 29).

Accordingly, in this motion, Plaintiff asks the Court to exclude the testimony of Michael Nicholas and Mart Kettner, pursuant to Fed. R. Civ. P. 26 and Fed. R. Evid. 701 and 702 because Plaintiff never disclosed an expert report for either of these individuals. Plaintiff also contends that the expected testimony of these individuals would be irrelevant in any event.

This Court notes that the System filed its own motion seeking to preclude Plaintiff from calling expert witnesses at trial. In a footnote to that motion, the System states that it "will not be calling any expert witnesses at trial." (ECF No. 82 at 3 n.1).

Now, in response to this pending motion, the System states that it intends to call Michael Nicolas and Mark Kettner to testify *as fact witnesses*. The System asserts that it "previously disclosed witnesses from George Johnson" in its witness list and asserts that Plaintiff "however, elected not to depose anyone from George Johnson." (Def.'s Br. at 4-5).

The System's one and only witness list identified an unspecified representative from George Johnson & Company *as an expert witness*. The System did not identify Michael

12

Nicholas or Mark Kettner as fact witnesses on its witness list. And the System did not file a motion (much less one with "good cause") seeking leave to add Mr. Nicholas or Mr. Kettner as fact witnesses at any point after filing its witness list, as is required by the Scheduling Order in this case.

The Court hereby GRANTS this motion and RULES that the System may not call any expert witnesses at trial and may not call Mr. Nicholas or Mr. Kettner as fact witnesses at trial.

7. **Defendant's Motion to Exclude Evidence Concerning Punitive Or Exemplary Damages (ECF No. 81)**

Along with its claims against the System, Plaintiff asserted claims against Defendant Robert Grden, the Executive Director of the System, who Plaintiff sued in his individual capacity. But on August 4, 2022, Plaintiff dismissed his claims against Grden with prejudice. (*See* ECF No. 59). The only remaining Defendant is the System.

The issue presented in this motion is whether Plaintiff should be "precluded from offering evidence at trial concerning punitive or exemplary damages, where Mr. Seals does not seek such damages in his complaint and where Supreme Court and Sixth Circuit precedent precludes recovery of punitive damages from local governments like Wayne County" (Def.'s Motion at i).

In response to the motion, Plaintiff contends that the Court should deny this motion and allow it to seek punitive damages at trial because the System is not "a county" or a "municipality." Plaintiff does not discuss the reasoning behind *City of Newport* nor does it direct the Court to any cases wherein punitive damages have been permitted to be assessed against a governmental entity like a retirement system.

The Court hereby GRANTS this motion to the extent that it RULES that Plaintiff cannot

present any evidence relating to punitive or exemplary damages because Plaintiff cannot recover punitive or exemplary damages against the System in this case.

As the System notes, Plaintiff's Amended Complaint does not seek punitive or exemplary damages. Nevertheless, in the Joint Final Pretrial Order, Plaintiff indicated that he is seeking punitive damages. (JFPO at 37).

While the System is not a county, it is undisputed that Defendant Wayne County Employees' Retirement System "is a governmental body created under the Wayne County Charter." (Am. Compl. at ¶ 3; the System's Answer at ¶ 3). As such, this Court concludes that under the logic of *City of Newport* and its progeny, punitive damages cannot be awarded against the System in this § 1983 action. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 260 n.21, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

In *City of Newport*, the United States Supreme Court found that local governments are immune from an award of punitive damages in suits brought under 42 U.S.C. § 1983. In reaching that conclusion, the Court reasoned that:

> Punitive damages by definition are not intended to compensate the injured party, but rather to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct. *See* Restatement (Second) of Torts § 908 (1979); W. Prosser, Law of Torts 9–10 (4th ed. 1971). Regarding retribution, it remains true that an award of punitive damages against a municipality "punishes" only the taxpayers, who took no part in the commission of the tort. These damages are assessed over and above the amount necessary to compensate the injured party. Thus, there is no question here of equitably distributing the losses resulting from official misconduct. *Cf. Owen v. City of Independence*, 445 U.S., at 657, 100 S.Ct., at 1418. Indeed, punitive damages imposed on a municipality are in effect a windfall to a fully compensated plaintiff, and are likely accompanied by an increase in taxes or a reduction of public services for the citizens footing the bill. Neither reason nor justice suggests that such retribution should be visited upon the shoulders of blameless or unknowing taxpayers.

> Under ordinary principles of retribution, it is the wrongdoer himself who is made to suffer for his unlawful conduct. If a government official acts knowingly and maliciously to deprive others of their civil rights, he may become the appropriate object of the community's vindictive sentiments. *See generally Silver v. Cormier,* 529 F.2d 161, 163 (CA10 1976); *Bucher v. Krause*, 200 F.2d 576, 586–588 (CA7 1952), cert. denied, 345 U.S. 997, 73 S.Ct. 1141, 97 L.Ed. 1404 (1953). A municipality, however, can have no malice independent of the malice of its officials. Damages awarded for punitive purposes, therefore, are not sensibly assessed against the governmental entity itself.

*Id*. at 266-67.

Thus, the Supreme Court explained that "punitive damages, when awarded against *governmental entities*, do not serve their intended deterrent purpose." *Baker v. Runyon*, 114 F.3d 668, 672 (7th Cir. 1997) (emphasis added); *see also Barnier v. Sxentmiklosi*, 810 F.2d 594, 598 (6th Cir. 1987) (Explaining that the "well-reasoned majority view" in *City of Newport* "prohibits courts from imposing punitive damages on a governmental body for the act of one of its agents or employees.")  As such, the rationale of *City of Newport* extends beyond just counties and municipalities*. See, eg., Baker,* 114 F.3d at 672 (The rationale of *City of Newport* "applies with equal force to the Postal Service."); *Colvin v. McDougall*, 62 F.3d 1316, 1319 (11th Cir. 1995) ("*Newport'*s reasoning applies equally to a Sheriff's Department").

This Court concludes that *City of Newport's* reasoning applies to the System.  The Wayne County Employees' Retirement System is a governmental body created under the Wayne County Charter.  It can have no malice independent of the malice of its officials.  While punitive damages may be available against a System official sued in his or her personal capacity for wrongful conduct, there are no such claims in this case at this juncture.

**8.      Defendant's Motion to Exclude Opinion Testimony (ECF No. 82)**

In this motion, the System asks the Court for an order preventing Plaintiff "from offering

opinion testimony from any lay and expert witnesses at trial." (ECF No. 82 at 1). This request can be broken down into two parts.

First, the System asks the Court to rule that Plaintiff may not have any experts testify at trial because Plaintiff "has not named any expert witnesses, nor has he submitted any expert reports which precludes him from presenting expert opinion testimony to the jury." (Def.'s Br. at 1). Plaintiff did not name any experts as witnesses in this case on his witness list. In responding to this motion, Plaintiff states that he "does not seek to introduce expert testimony" at trial. (Pl.'s Br. at 1). As such, this Court DENIES AS MOOT this portion of the motion because Plaintiff is not going to call any expert witnesses at trial.

Second, the System asks the Court to issue an order precluding Plaintiff[1] from "introducing irrelevant and unfairly prejudicial lay witness opinion testimony including lay opinions concerning Mr. Grden and/or Mr. Grysko purportedly committing tax fraud." (Def.'s Br. at I). The motion noted that Plaintiff claims that the System retaliated against him by suspending his pension benefits after he complained that the System was "short-changing" beneficiaries. The System filed this motion seeking to preclude Plaintiff from offering what it claims is opinion testimony as to Mr. Grden and/or Mr. Grysko "purportedly committing 'tax fraud.'" (Def.'s Br. at 1). The System asserts that Plaintiff's "unfounded claim that Mr. Grden and/or Mr. Grysko are 'defrauding the government' has no bearing on Mr. Seals' First Amendment retaliation claim." (*Id*.)

Plaintiff opposes this portion of the motion. He asserts that his "potential testimony

---

[1]The motion also broadly seeks to preclude all of Plaintiff's trial witnesses from providing opinion testimony. But without specifically addressing any other witnesses, the Court has no context to address that request.

16

about the potential misuse of Wayne County funds to pay WCERS executives like Mr. Grden and Mr. Grysko is relevant to his First Amendment claims because it forms part of his protected speech. During the period of time at issue in this matter, [Plaintiff] raised a concern that WCERS executives were taking advantage of tax loopholes or skirting tax laws in order to earn lucrative salaries and pension payments themselves, while at the same time 'shorting' Wayne County retirees." (Pl.'s Br. at 2). Plaintiff contends that this "speech forms part of the first element of Mr. Seals' First Amendment retaliation claim, i.e., that his speech was protected." (*Id.*)

The Court concludes that the System has not met the high standard for a motion in limine regarding this aspect of Plaintiff's testimony, and the Court concludes that evidentiary rulings on the issue should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context. To the extent that Plaintiff seeks to testify that he engaged in protected conduct by voicing concerns about the actions of Grden and Grysko, such testimony appears relevant to Plaintiff's First Amendment retaliation claim. That said, the Court does not intend to let Plaintiff's testimony venture too far afield as to this topic. This motion is DENIED WITHOUT PREJUDICE.

## CONCLUSION AND ORDER

Accordingly, for all of the reasons set forth above, this Court hereby **ORDERS** as follows:

1) Plaintiff's Motion to Exclude Evidence Of Underlying Pension Calculations (ECF No. 86) is GRANTED to the extent that the Court RULES that the System may not present evidence of the underlying pension calculations in an attempt to argue that Plaintiff's speech was not protected. But such evidence may be relevant to show that the System had no reason or motivation to punish Seals for his speech. If evidence of

17

those calculations becomes relevant during the course of the trial, Defense Counsel may request to use, reference or admit such evidence, so long as the request is made outside the presence of the jury.

2) Plaintiff's Motion Regarding Law of the Case (ECF No. 87) is GRANTED to the extent that the Court RULES that the System is precluded from presenting evidence, or arguing at trial, that Plaintiff did not engage in protected activity or that Defendant did not take an adverse action. This motion is DENIED WITHOUT PREJUDICE IN ALL OTHER RESPECTS.

3) Plaintiff's Motion to Exclude Testimony of Robert Abb (ECF No. 88) is GRANTED to the extent that the Court RULES that neither party may call Robert Abb as a witness at trial.

4) Plaintiff's Motion to Exclude Evidence Of Plaintiff's Communications Prior to July 2019 and Subsequent to May 2020 (ECF No 89) is GRANTED to the extent that the Court RULES that the System may not present evidence of the communications at issue in an attempt to argue that Plaintiff's speech was not protected. The motion is DENIED WITHOUT PREJUDICE in all other respects.

5) Plaintiff's Motion To Exclude References to Plaintiff's Job Title/Status Change Pursuant to Fed. R. Evid. 401, 402 and 403 (ECF No. 90) is is DENIED WITHOUT Prejudice.

6) Plaintiff's Motion to Exclude Michael Nicholas and Mark Kettner's Testimony (ECF No. 91) is GRANTED to the extent that the Court RULES the System may not call any expert witnesses at trial and may not call Mr. Nicholas or Mr. Kettner as fact witnesses at trial.

7) Defendant's Motion to Preclude Evidence of Punitive Damages (ECF No. 81) is GRANTED and the Court RULES that Plaintiff may not present any evidence or argument concerning punitive damages because Plaintiff cannot recover punitive damages in this action.

8) Defendant's Motion to Exclude Opinion Testimony (ECF No. 82) is DENIED AS MOOT as to the portion that addresses expert witnesses because Defendant does not seek to present any expert witness testimony at trial. The remaining portion of this motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

                      s/Sean F. Cox
                      Sean F. Cox
                      United States District Judge

Dated: September 19, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 19, 2023, by electronic and/or ordinary mail.

                      s/Jennifer McCoy
                      Case Manager