UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE SEALS,

    Plaintiff,

v.   Case Number 20-11272

WAYNE COUNTY EMPLOYEES'   Sean F. Cox
RETIREMENT SYSTEM,   United States District Court Judge

    Defendant.

_____/

**OPINION AND ORDER
ON PLAINTIFF'S MOTION IN LIMINE
TO PRECLUDE LEGAL MEMORANDA (ECF NO. 92)**

In this § 1983 action, Plaintiff Dwayne Seals's First Amendment retaliation claim against Defendant Wayne County Employees' Retirement System is scheduled to proceed to a jury trial commencing on September 21, 2023. The matter is currently before the Court on Plaintiff's Motion in Limine to Exclude Legal Memoranda. The Court concludes that oral argument is not necessary and shall decide the motion without hearing. Local Rule 7.1(f). This Opinion and Order sets forth this Court's ruling on this motion.

## BACKGROUND

On April 17, 2020, Plaintiff Dwayne Seals ("Plaintiff" or "Seals") filed this action against three Defendants: 1) Wayne County; 2) the Wayne County Employees' Retirement System; and 3) Robert Grden ("Grden"). The action was assigned to the Honorable Robert Cleland.

At this juncture, the only remaining Defendant is the Wayne County Employees' Retirement System ("Defendant" or "the System") and the only remaining claim is Plaintiff's

1

§ 1983 First Amendment retaliation claim.  The Court includes here only the information that is relevant to this motion in limine.

The System filed a Motion to Dismiss.  Judge Cleland denied the motion to dismiss the First Amendment retaliation claim against the System and declined to exercise supplemental jurisdiction over the state-law claims.  (ECF No. 22).

After the close of discovery, the System filed a summary judgment motion.  In an Opinion and Order issued on November 10, 2022, Judge Cleland denied the motion.  Judge Cleland noted that to establish a prima facie claim for First Amendment retaliation, the plaintiff must establish: 1) that he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) "there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by [his] protected conduct."  (ECF No. 64 at 10) (citation omitted).  In addressing the first element, Judge Cleland's Opinion and Order stated that, in "its denial of Defendants' motions to dismiss, the court already and considered *and determined as a matter of law that Mr. Seals engaged in constitutionally protected speech* in accordance with *Farhat v. Jopke,* 370 F.3d 580, 592 (6th Cir. 2004)." (*Id.*) (emphasis added).  Next, he explained that "[t]he *court found unequivocally* that a reduction in monthly income of $5,415.00 due to an exercise of protected conduct would be enough to silence an ordinary employee." (*Id.* at 11) (emphasis added).  As to the third element, Judge Cleland found "that a genuine issue of material fact does exist as to causation" with respect to the claim against the System.  (*Id.* at 14).

After concluding that Plaintiff produced sufficient evidence to create a question of fact as to a prima facie case of First Amendment retaliation, Judge Cleland noted that the System

claimed that its decision to suspend Plaintiff's pension benefits would have occurred regardless of his speech. Judge Cleland's opinion and order explained that:

> When, as here, the "[Plaintiff] establishes a prima facie case [of First Amendment retaliation], the burden then shifts to [Defendant] to demonstrate 'by a preponderance of the evidence that the employment decision would have been the same absent the protected conduct.'" *Dye*, 702 F.3d at 294 (quoting *Eckerman*, 636 F.3d at 208) (internal quotation marks omitted)). "Once this shift has occurred, summary judgment is warranted if, in light of the evidence viewed in the light most favorable to the plaintiff, no reasonable juror could fail to return a verdict for the defendant." *Id.*

(*Id*. at 20). Judge Cleland ultimately ruled that the System had not made such a showing at the summary judgment phase of the case. In doing so, Judge Cleland noted that some legal opinions were not included in the materials submitted in connection with the motion.

The System filed a Motion for Reconsideration. Judge Cleland denied it in an Opinion and Order issued on June 23, 2023. In doing so, he explained, in pertinent part:

> Lastly, [the System] attempts to relitigate the question, already decided by the court, of whether it would have suspended Mr. Seals' pension regardless of Mr. Seals' engagement in protected activity, arguing that the "the 'legal correctness' of the legal opinions is wholly immaterial under a First Amendment retaliation analysis." (ECF No. 66, PageID.2699–2700.) Because it relied on multiple legal opinions concluding it had no discretion in suspending Mr. Seals' pension benefits and further had no reason to question said opinions' legitimacy, [the System] claims it cannot be found liable for retaliation. (*Id*.) Apart from being a relitigation argument prohibited during reconsideration, [the System's] recapitulation entirely ignores Mr. Seals' evidence of animus set forth by the court in its discussion of causation. (ECF No. 64.) Moreover, acceptance of [the System's] position would allow for retaliation to go unchecked so long as the retaliating person or entity secured a legal opinion validating his/her/its retaliatory conduct, regardless of said legal analysis' persuasiveness or lack thereof. Such a result is untenable. *[The System] may very well have suspended Mr. Seals' pension benefits in accordance with proper procedures. However, the circumstances at this stage in the proceedings require a jury to resolve that question.*

(ECF No. 70 at Page ID.2923) (emphasis added).
This case was reassigned to the undersigned judge on July 28, 2023.

3

## ANALYSIS

"A motion in limine is a motion made "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). A motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions. *Id.*

Trials, however, are dynamic, and a district court should grant a motion in limine "only when that evidence is clearly inadmissible on all potential grounds." *Palmer v. Allen*, 2017 WL 218077 at *1 (E.D. Mich. Jan. 19, 2017) (quoting *Indiana. Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d, 844, 846 (N.D. Ohio 2004)). In cases where that high standard is not met, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in a proper context." *Id.*

Denial of a motion to exclude evidence in limine does not necessarily mean that the Court will admit the evidence at trial. *See Luce v. United States,* 469 U.S. 38, 41 (1984). And "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Id*. at 41-42.

The last remaining motion in limine is Plaintiff's Motion in Limine To Exclude Legal Opinion Drafted By Defendant's Attorneys Pursuant To Fed. R. Evid. 402 and Fed. R. Civ. P. 26. (ECF No. 92).

In this motion, Plaintiff asks the Court preclude from the System from using legal opinions/memoranda drafted by the System's attorneys. There are a total of five of these documents and they fall into two categories: 1) those that were produced during discovery in this

case; and 2) additional documents not provided during discovery that the System has indicated it may seek to use at trial as rebuttal evidence.

### A. Memoranda Produced During Discovery

The following three documents were produced during discovery: 1) a December 9, 2019 memorandum from the System's counsel; 2) a January 15, 2020 memorandum from the System's counsel; and 3) a February 24, 2020 memorandum from the System's counsel. In the pending motion, Plaintiff asserts that the Court should preclude Defendant from using all of those memoranda for two reasons. First, Plaintiff argues that "[u]nder the law of the case, Judge Cleland's opinion bars the memoranda from serving as an affirmative defense upon which Defendant [the System] can ask the factfinder to rely." (Pl.'s Br. at 3). Second, Plaintiff contends that the memoranda are irrelevant to the issues proceeding to trial.

The Court rejects both arguments. As the System notes, Judge Cleland did not rule that these memoranda cannot serve as an affirmative dense or be used at trial. In denying the System's assertion that it was entitled to summary judgment, even if Plaintiff created an issue of fact as to a prima facie case, Judge Cleland noted that:

> When, as here, the "[Plaintiff] establishes a prima facie case [of First Amendment retaliation], the burden then shifts to [Defendant] to demonstrate 'by a preponderance of the evidence that the employment decision would have been the same absent the protected conduct.'" *Dye*, 702 F.3d at 294 (quoting *Eckerman*, 636 F.3d at 208) (internal quotation marks omitted)). "Once this shift has occurred, summary judgment is warranted if, in light of the evidence viewed in the light most favorable to the plaintiff, no reasonable juror could fail to return a verdict for the defendant." *Id*.

(*Id*. at 20). Judge Cleland ultimately ruled that the System had not made such a showing at the summary judgment phase of the case. And in his Opinion and Order denying the System's Motion for Reconsideration, Judge Cleland stated that the System *"may very well have*

5

*suspended Mr. Seals' pension benefits in accordance with proper procedures. However, the circumstances at this stage in the proceedings require a jury to resolve that question.* (ECF No. 70 at Page ID.2923) (emphasis added). Thus, the Court rejects Plaintiff's law of the case argument as to the above memoranda.

Moreover, the Court concludes that the above documents – one of which Plaintiff indicated he may use at trial – are relevant as to causation and the System's defenses. The System asserts that it did not terminate Plaintiff's pension payments in retaliation for his speech, but rather, because of its understanding that the law required that action. Accordingly, the Court DENIES Plaintiff's request to preclude the above three documents from being used at trial.

      **B.**      **Memoranda Not Provided During Discovery**

It is undisputed that the following documents were not produced during discovery: 1) a draft memorandum dated November 8, 2019 prepared by Wayne County Corporation Counsel (ECF No. 101-1); and 2) a September 30, 2019 memorandum prepared by the System's outside counsel (ECF No. 101-2). Nevertheless, it is undisputed that those two documents were referenced in other documents that were produced during discovery, such as the System's meeting minutes. Plaintiff did not file a motion to compel seeking those documents during the litigation of this case – even after Judge Cleland noted that some legal opinions had not been included in the summary judgment papers.

In this motion, Plaintiff contends that the System should not be permitted to use either of those documents at trial because they were not produced during discovery. Plaintiff further contends that the "two missing memoranda should not be admitted, and the jury should be given an instruction for an adverse inference regarding their absence." (Pl.'s Br. at 3). No such

request was ever made while this case was assigned to Judge Cleland.

In response, the System explains argues that an adverse inference instruction would not be appropriate here and explains that it may seek the admission of these documents in rebuttal, should the need arise based on Plaintiff's proofs:

> Mr. Seals wrongly assumes that the November 8, 2019 memorandum, which is merely a draft memorandum authored by Wayne County Corporation Counsel, came to the opposite conclusion reached by that attorney in a subsequent and final legal memorandum (Exhibit 3). Both the initial draft (Exhibit 1) and the final memorandum (Exhibit 3) conclude that Mr. Seals' new "Deputy Clerk" job position was not exempt under the 1,000-hr rule. Mr. Seals' requested adverse inference instruction is improper on its face because it directly seeks to mislead the jury into reaching the ***opposite*** of what the two memoranda actually show.
> Importantly, the Retirement System never possessed, let alone relied upon, this draft memorandum in reaching its February 24, 2020 suspension decision. The Retirement System, frankly, had no intention of using this draft memorandum in this lawsuit until Mr. Seals advanced a new conspiracy theory, namely that the draft memorandum came to a different conclusion than the final legal memorandum. If Mr. Seals persists in advancing this specious conspiracy theory (especially in the face of obtaining the draft memorandum and seeing that it says the exact opposite), the Retirement System should be permitted to use the draft memorandum in rebuttal, to refute Mr. Seals' new specious conspiracy theory. Hence, the Retirement System's need for this draft memorandum depends on Mr. Seals' proofs and arguments at trial. If Mr. Seals ceases and desists advancing this new theory, the Retirement System will have no need to use this draft legal memorandum in rebuttal
> Similarly, the Retirement System's decision to suspend Mr. Seals' pension benefits was not based on VMT's memorandum dated September 30, 2019 (Exhibit 2). This memorandum instead relates to an earlier audit of the Retirement System's pension calculations, which confirmed its calculations were correct. The Retirement System would agree to exclude this memorandum from trial (except for rebuttal purposes), even though it substantiates in writing what witnesses will say at trial; namely, that Mr. Seals continued to advance baseless and false statements that the Retirement System was cheating Mr. Seals and other retirees. Again, no adverse inference is warranted, as Mr. Seals has never done anything to challenge the Retirement System's discovery productions, claims of privilege, or sought to compel production of this memorandum.

(Def.'s Br. at 2-2) (emphasis in original).

This Court has not yet made any rulings regarding jury instructions in this case and it

would be premature to do so now. That said, given that these two memoranda were referenced in discovery produced by the System, yet no motion to compel them was ever filed, and given the contents of the memoranda and that the System may only seek to admit them in rebuttal based upon Plaintiff's proofs and arguments, this Court is not inclined to consider the imposition of adverse inferences.

Plaintiff has not met the high standard for a motion in limine regarding these two memoranda, and the Court concludes that evidentiary rulings on their potential admission should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may resolved in the proper context. Depending on how the proofs play out, these memoranda may be relevant rebuttal evidence. Thus, the remaining portion of Plaintiff's motion is DENIED WITHOUT PREJUDICE. If this evidence becomes relevant during the course of the trial, Defense Counsel may request to use, reference or admit these memoranda, so long as the request is made outside the presence of the jury.

## CONCLUSION AND ORDER

Accordingly, this Court hereby ORDERS that Plaintiff's Motion is DENIED IN PART and DENIED WITHOUT PREJUDICE IN PART.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 19, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 19, 2023, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager