UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE SEALS,

    Plaintiff,

v.                                                  Case Number 20-11272

WAYNE COUNTY EMPLOYEES'         Sean F. Cox
RETIREMENT SYSTEM,               United States District Court Judge

    Defendant.
_____/

**MEMORANDUM OPINION
ON DISPUTED JURY INSTRUCTIONS**

    On September 21, 2023, a jury trial commenced in this § 1983 action, on Plaintiff Dwayne Seals's First Amendment retaliation claim against Defendant Wayne County Employees' Retirement System. As stated on the record on September 27, 2023, the parties agreed to all of the jury instructions for this case, with the exception of three instructions: 1) the jury instruction on causation; 2) Defendant's requested instruction on mitigation of damages; and 3) Defendant's requested instruction on nominal damages. The Court ordered the parties to brief their respective positions as to these three disputed instructions and they have done so. The Court now sets forth its rulings in this Memorandum Opinion.

**I.    Causation Jury Instruction**

    Plaintiff requested that the Court give the following requested jury instruction regarding causation in his proposed jury instructions, that were filed prior to trial:

Jury Instruction #18

1

Causation

  To find that the adverse action was motivated by Plaintiff's protected conduct, you are not required to find that the protected conduct was the only reason for the adverse action. You are only required to find that the Defendant was motivated "at least in part" by the protected conduct.
  Where an adverse action occurs very close in time after protected conduct, that temporal proximity can constitute evidence of causation.
  An act taken in retaliation for the exercise of a constitutionally protected right is unlawful even if the action would have been proper if taken for a different reason. *Hoover v. Radabaugh*, 307 F.3d 460, 467 (6th Cir. 2002)
  Government actions, which standing alone may be perfectly legal, may nonetheless be unlawful if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right. *Thaddeus-X v. Blatter,* 175 F.3d 378, 386 (6th Cir. 1999).

(ECF No. 84 at PageID.3117).

Defendant proposed a different causation instruction, in its proposed jury instructions that were filed prior to trial. (ECF No. 78 at PageID.2974). Among other things, it stated that "[t]his element requires a two-part analysis. Both subparts must be met in order for Mr. Seals to prove causation. The first subpart is called proximate causation. The second part is called punitive motivation. If you find that Mr. Seals has proven both subparts by a preponderance of the evidence, your verdict on this element will be in favor of Mr. Seals. If you find that Mr. Seals has failed to prove one or both of these subparts by a preponderance of the evidence, your verdict will be in favor of the Retirement System." (*Id*.).

During the course of trial, this Court suggested that both parties continue to review the applicable case law and continue to discuss and negotiate the jury instructions. The Court urged the parties to review *Lemaster v. Lawrence Cnty., Kentucky*, 65 F.4th 302, 309 (6th Cir. April 11, 2023).

Thereafter, Plaintiff urged the Court to give a jury instruction regarding causation that

comports with *Lemaster*. Defendant requested a different instruction regarding causation:

Causation

  Mr. Seals must prove that the Retirement System took action against Mr. Seals which was motivated, in substantial part, to punish Mr. Seals's speech. This element focuses on the Retirement System's motives, *e.g.,* whether the Retirement System intended to punish Mr. Seals for his allegedly protected speech, or, alternatively, whether the Retirement System acted for non-retaliatory motives.
  For Mr. Seals to prevail, he must show that his speech was a substantial or motivating factor of harmful action. *Lemaster Cnty. Ky.*, 65 F.4th 302, 309 (6th Cir. 2023). In other words, Mr. Seals must establish a causal connection between the Retirement System's purported "retaliatory animus" and the "subsequent injury." To find for Mr. Seals, he must prove that the Retirement System had a retaliatory animus that caused the injury. *Nieves v. Bartless*, 139 S.Ct. 1715, 1722 (2019). "The true object of this inquiry is to determine whether the plaintiff has been retaliated against as a direct result of his or her protected speech." *Paterek v. Vill of Armada, Michigan*, 801 F.3d 630, 646 (6th Cir. 2015).
  (1) If you find Mr. Seals has proven this by a preponderance of the evidence, please proceed to Jury Instruction #22;
  (2) If you find Mr. Seals has not proven this by a preponderance of the evidence, you have reached a verdict in favor of the Retirement System, so please proceed to the verdict form.
  Alternatively, if you find that Mr. Seals damages (if any) were not caused by the Retirement System, then you have reached a verdict in favor of the Retirement System. Please have your elected foreperson sign the verdict form and inform the bailiff.

(ECF No. 121 at PageID.3624-25).

Because the parties could not come to an agreement regarding the causation instruction, the Court allowed the parties to file supplemental briefs setting forth their respective positions. This Court has carefully considered those positions.

In a recent, published opinion, the United States Court of Appeals for the Sixth Circuit took the "opportunity to clarify things" as to the "governing causation rules" that apply to a First Amendment retaliation claim. *Lemaster v. Lawrence Cnty., Kentucky*, 65 F.4th at 309. In *Lemaster*, the Sixth Circuit explained:

3

> *Causal Connection.* That resolution leads us to the final element: Could a reasonable jury find an adequate "causal connection" between Lemaster's Facebook post in April and Carter's removal of Lemaster Towing from the rotation list in September? *DeCrane,* 12 F.4th at 593. Because the district court highlighted confusion in our case law on the governing causation rules, we take this opportunity to clarify things. *See Lemaster*, 2022 WL 257067, at *8; *see also Spithaler v. Smith*, 803 F. App'x 826, 829–30 (6th Cir. 2020). For a First Amendment plaintiff to recover under § 1983, protected speech "must be a 'but-for' cause" of a harmful action. *Nieves v. Bartlett*, ⸺ U.S. ⸺, 139 S. Ct. 1715, 1722, 204 L.Ed.2d 1 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 260, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006)). This test is met if a plaintiff would not have suffered the harm "but for" the speech. *Id*. It is not met if the plaintiff would have suffered the harm even if the plaintiff had stayed silent. *See id.; see also Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, ⸺ U.S. ⸺, 140 S. Ct. 1009, 1017, 206 L.Ed.2d 356 (2020).
>
> When public employees or contractors allege that the government has retaliated against them because of their speech, the Court has implemented the required but-for test using a burden-shifting approach. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285–87, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *see also Umbehr*, 518 U.S. at 675–78, 116 S.Ct. 2342. A plaintiff must first show that "speech was 'a substantial or motivating factor' of" a harmful action. *Anders*, 984 F.3d at 1177 (quoting *Vereecke v. Huron Valley Sch. Dist*., 609 F.3d 392, 400 (6th Cir. 2010)). Some statements in our cases have (wrongly) equated this motivating-factor test with but-for causation. *See Spithaler*, 803 F. App'x at 829. But this test does not require a but-for relationship. *See Comcast*, 140 S. Ct. at 1017; *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 348–49, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013). After all, speech sometimes may motivate a defendant's harmful action even if the defendant would have taken the same action for another reason without the speech. *See Hartman*, 547 U.S. at 260, 126 S.Ct. 1695.
>
> If the plaintiff meets this lower causation standard, the burden shifts to the government defendants. *See Nieves*, 139 S. Ct. at 1722. They can avoid liability by proving that they would have taken the same action even if the plaintiff had not spoken. *See Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. 568. In other words, they must prove the *absence* of but-for causation. *See Massey v. Johnson*, 457 F.3d 711, 717 & n.2 (7th Cir. 2006); *Wagner v. Wheeler*, 13 F.3d 86, 90 (4th Cir. 1993).

*Id*. (emphasis in original).

Having reviewed the parties' competing arguments, this Court concludes that the

4

following jury instruction regarding causation should be given in this case:

Causation

  For a First Amendment plaintiff to recover under § 1983, the protected speech must be a "but-for" cause of an adverse action. This test is met if a plaintiff would not have suffered the harm "but for" the speech. It is not met if the plaintiff would have suffered the harm even if the plaintiff had stayed silent.
  When a public employee alleges that the government has retaliated against him because of his speech, a burden-shifting approach applies.
  Under it, the Plaintiff must first show that his speech was a substantial or motivating factor of the adverse action taken by the Defendant. This part of the test does not require a but-for relationship. After all, speech sometimes may motivate a Defendant's adverse action even if the defendant would have taken the same action for another reason without the speech.
  If the Plaintiff meets this first part of the test, then the burden shifts to the Defendant. Under the second part of the test, the Defendant can avoid liability by proving that it would have taken the same action even if the Plaintiff had not spoken. In other words, the Defendant must prove the absence of but-for causation.

*Lemaster,* 65 F.4th at 309.

## II. Requested Mitigation Of Damages Jury Instruction

In its proposed jury instructions, filed prior to trial, Defendant requested that the Court give the following jury instruction regarding mitigation of damages:

Mitigation of Damages

  However, in considering what, if any damages, to award, you must also consider whether Mr. Seals mitigated (i.e., lessened) his claimed damages. The law imposes a duty on Mr. Seals to mitigate his claimed damages in a case such as this. The Retirement System bears the burden of proving by a preponderance of the evidence that Mr. Seals failed to mitigate his claimed damages, in part or in full. If Mr. Seals failed to exercise reasonable care and diligence in mitigating his claimed damages, you are to factor this into your calculation of damages, in whole or in part, and reduce appropriately Mr. Seals' damages based on his efforts or non-efforts to mitigate.
  *See MacDonald v. City of Detroit*, 2020 WL 1846953, at *2 (E.D. Mich. 2020) (citing *Grace v. City of Detroit*, 216 F. App'x 485, 492 (6th Cir. 2007); *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1119 (6th Cir. 1994)) (plaintiffs have a duty to mitigate their damages in § 1983 cases).

(ECF No. 78 at PageID.2981).

When the Court was discussing jury instructions with the parties, after trial had concluded on September 27, 2023, Plaintiff asserted that no mitigation of damages instruction should be given in this case because there was no evidence presented at trial as to mitigation of damages. Defendant argued that there was such evidence presented at trial. As such, the Court allowed the parties to brief their respective positions as to this issue.

In his brief, Plaintiff states that he is "opposed to the inclusion of an instruction on mitigation of damages because '[i]t is error . . . to instruct the jury on an issue when there has been insufficient evidence presented to support a jury's finding on that issue.' *Jones v. Consol. Rail Corp.*, 800 F.2d 590, 592 (6th Cir. 1986)." (Pl.'s Br. at 1). Plaintiff asserts that there was no evidence as to mitigation of damages presented at trial and, therefore, the instruction should not be given.

In support of its requested instruction, Defendant notes that it pleaded mitigation of damages as an affirmative defense. Defendant asserts that it presented evidence in support of that affirmative defense at trial. But Defendant fails to explain what evidence, as to mitigation of damages, was presented at trial.

Accordingly, the Court concludes that a mitigation of damages jury instruction should not given in this case.

### III. Requested Nominal Damages Jury Instruction

Defendant requests that the Court give a jury instruction, titled "Nominal Damages," that states: "If you find in favor of Mr. Seals, but you find *Mr. Seals' damages have no monetary value*, then you must return a verdict for Mr. Seals in the nominal amount of one dollar (on

account of actual damages)." (emphasis added).

Plaintiff has not offered any alternative jury instruction regarding nominal damages. Rather, Plaintiff contends that no nominal jury instruction should be given in this case. In support of that position, Plaintiff asserts:

> Plaintiff is opposed to the inclusion of an instruction on nominal damages because such an instruction is unsupported by the record. The parties stipulated to the fact that Mr. Seals was earning $5415.00 per month in pension payments. The parties do not dispute – and more importantly, there is no evidence whatsoever in the record to contradict – the fact that Mr. Seals lost 33 months' worth of pension payments (between February 2020 and November 2022). Mr. Seals testified that he lost approximately $178,000 in total.
> This is not a case that calls for nominal damages. "The Supreme Court has held that nominal damages are the appropriate means of vindicating rights whose deprivation has not caused actual, provable injury." *Ealy v. City of Dayton*, 103 F.3d 129 (6th Cir. 1996) (internal citation omitted). Plaintiff's uncontroverted testimony establishes that he has suffered actual injury. This is not a case dealing with the deprivation of an abstract (but no less important) constitutional right that did not result in any financial loss.

(Pl.'s Br. at 3).

In support of its requested instruction, Defendant notes that jury instructions that have been used in other First Amendment retaliation claims in this district have included a nominal jury instruction. That is not a persuasive argument, however, as jury instructions vary given the circumstances of each individual case. Moreover, First Amendment retaliation claims are often brought by prisoners, under circumstances wherein the prisoner may not be able to show any actual damages or financial loss, making a nominal damages instruction appropriate.

This Court agrees with Plaintiff that a nominal damages jury instruction is not appropriate under the circumstances of this particular case. If the jury finds that there is no causal connection between Plaintiff's protected speech and Defendant's suspension of Plaintiff's monthly pension benefits, then there is no liability (and thus no damages). If the jury does find a

causal connection between Plaintiff's protected speech and Defendant's suspension of Plaintiff's monthly pension benefits, and given this Court's ruling regarding the requested mitigation of damages instruction, this Court fails to see how the jury could find that Plaintiff's damages have no monetary value.

                                      s/Sean F. Cox  
                                      Sean F. Cox  
                                      United States District Judge

Dated:  September 28, 2023