UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE SEALS,

    Plaintiff,

v.                                                       Case Number 20-11272

WAYNE COUNTY EMPLOYEES'          Sean F. Cox
RETIREMENT SYSTEM,                United States District Court Judge

    Defendant.
_____/

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW
OR, ALTERNATIVELY, FOR A NEW TRIAL**

       In this § 1983 action, Plaintiff Dwayne Seals's First Amendment retaliation claim against Defendant Wayne County Employees' Retirement System proceeded to a jury trial. The jury ultimately returned a verdict in favor of Plaintiff. The matter is now before the Court on Defendant's "Motion for Judgment As A Matter Of Law Or, Alternatively, For A New Trial." (ECF No. 133). The parties have briefed the issues and the Court concludes that oral argument is not necessary. *See* L.R. 7.1 (f)(2). The reasons set forth below, the Court shall DENY the motion.

**BACKGROUND**

       On April 17, 2020, Plaintiff Dwayne Seals ("Plaintiff" or "Seals") filed this action against three Defendants: 1) Wayne County; 2) the Wayne County Employees' Retirement System; and 3) Robert Grden. The action was originally assigned to the Honorable Robert Cleland, who presided over the case through discovery and motion practice, until it was ready for trial. The

case was reassigned to the undersigned judge on July 28, 2023, pursuant to Administrative Order 23-AO-035.

Upon reassignment, the only remaining Defendant was the Wayne County Employees' Retirement System ("Defendant" or "the Retirement System") and the only remaining claim was Plaintiff's § 1983 First Amendment retaliation claim.

A week after reassignment of this case, on August 8, 2023, this Court held a status conference. At that conference, counsel for the Retirement System expressed displeasure with Judge Cleland's rulings in this case and suggested that additional dispositive motions should be heard. This Court reminded counsel for both parties that the deadline for filing dispositive motions in this case had long since passed (back in June of 2022) and advised that the Court did not intend to allow the parties to relitigate the case.

Due to the age of this case, this Court scheduled the jury trial to commence on September 21, 2023.

The parties filed several motions in limine prior to trial. This Court issued an "Opinion And Order Addressing Eight Motions In Limine" on September 19, 2023. (ECF No. 111). This Court's ruling as to one of those motions, Plaintiff's Motion Regarding Law of the Case, is relevant for purposes of Defendant's pending post-trial motion:

> After the close of discovery, the System filed a summary judgment motion. Judge Cleland denied it in his November 10, 2022, Opinion and Order. In addressing the first element of a prima facie claim for First Amendment retaliation, Judge Cleland stated that, in its "denial of Defendants' motions to dismiss, the court already considered *and determined as a matter of law that Mr. Seals engaged in constitutionally protected speech* in accordance with *Farhat v. Jopke,* 370 F.3d 580, 592 (6th Cir. 2004)." (11/10/22 Opinion & Order at 10) (emphasis added). Next, he explained that "[t]he *court found unequivocally* that a reduction in monthly income of $5,415.00 due to an exercise of protected conduct would be enough to silence an ordinary employee." (*Id.* at 11) (emphasis added).

2

As to the third element, Judge Cleland found "that a genuine issue of material fact does exist as to causation" with respect to the claim against the System. (*Id.* at 14).

Nevertheless, in the Joint Final Pretrial Order, the System now takes the position that the issue of whether Plaintiff engaged in protected conduct has not been decided by Judge Cleland and that it is a determination for the Court to make at "the conclusion of trial, and be based" on whole record. (JFPO at 10-11). The System also takes the position that there was no adverse action. (*Id.* at 12-14).

As a result, Plaintiff filed a "Motion In Limine Regarding The Law Of The Case" (ECF No. 87) wherein he asks the Court "to apply the law of the case doctrine to preclude Defendant from presenting evidence or arguing at trial that Plaintiff did not engage in protected activity or that Defendant did not take an adverse action and issue a ruling that Plaintiff has, as a matter of law, satisfied these first two elements of his First Amendment claim." (*Id*. at 8). Plaintiff asserts that pursuant to the law of the case doctrine, under which 'a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation.' (*United States v. Todd,* 920 F.2d 399, 403 (6th Cir. 1990)), the law of this case is firmly established that Plaintiff's speech was protected by the First Amendment and that Defendant subjected Plaintiff to an adverse action." (*Id*. at 3). Plaintiff contends that:

> In each of these three separate opinions denying Defendant's attempts to dismiss Plaintiff's case, [Judge Cleland] ruled that as a matter of law, Plaintiff has established the first two elements of his First Amendment retaliation claim: that he engaged in protected activity and that Defendant took an adverse action against him. Now that the case is set for trial, the only question left for the jury (other than determining Plaintiff's damages) is that of the final element of causation (i.e., whether Defendant's adverse action was motivated at least in part by Plaintiff's protected activity). Applying the law of this case, this Court should issue a ruling that Plaintiff has established the first two elements of his case. Such a ruling would streamline the trial proceedings considerably.

(Pl.'s Br. at 1).

The Court agrees with Plaintiff. "As the name of the doctrine suggests, 'findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Sandmann v. New York Times Co.*, __ F.4th __, 2023 WL 5274469 at *6 (6th Cir. Aug. 16, 2023) (quoting *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)). "The law of the case dictates that issues, once decided, should be reopened only in extraordinary circumstances." *Hayden v. Rhode Island*, 13 F. App'x 301, 302 (6th Cir. 2001) (citation omitted). A district court's application of the doctrine is reviewed for

> abuse of discretion. *Sandmann, supra*, at \*6.
> Here, Judge Cleland ruled, as a matter of law, that Plaintiff engaged in protected activity. (11/10/22 Opinion & Order at 10). Judge Cleland also found *"unequivocally* that a reduction in monthly income of $5,415.00 due to an exercise of protected conduct would be enough to silence an ordinary employee." (*Id.* at 11). Judge Cleland's rulings are law of the case and will not be revisited by this Court, after reassignment of this case, as the System has offered no extraordinary circumstances for doing so. *Hayden, supra.*
> Accordingly, the Court GRANTS this motion to the extent that the Court RULES that the System is precluded from presenting evidence, or arguing at trial, that Plaintiff did not engage in protected activity or that Defendant did not take an adverse action.

(ECF No. 111 at PageID.3568-70).

The jury was impaneled on September 21, 2023, and the trial began on that date. Plaintiff ended its proofs on September 26, 2023. (*See* 9/26/23 Trial Tr., ECF No. 131, at 122). The Retirement System made an oral motion under Fed. R. Civ. P. 50 on September 26, 2023. (*See* ECF No. 138). The Retirement System then began presenting its case on September 26, 2023, and ended its proofs on September 27, 2023.

After trial ended for the day on September 27, 2023, the parties continued to negotiate the jury instructions and the Court met with counsel regarding them.

As stated on the record on September 27, 2023, the parties agreed to all of the jury instructions for this case, with the exception of just three instructions. The agreed-upon jury instructions included the following instruction:

Jury Instruction #17

<u>Protected Conduct and Adverse Action</u>

> This Court has already ruled that Plaintiff engaged in protected conduct (ie., that his speech was protected by the First Amendment). Thus, the first element has been established.
> The First Amendment protects against only those retaliatory actions that might silence an ordinary person ("adverse actions"). It is undisputed that the

4

System suspended Plaintiff's pension benefits. (See Stipulation Instruction, at no. 13). This Court has already ruled that a reduction in monthly pension income of $5,415.00 due to an exercise of protected conduct would be enough to silence an ordinary employee. As such, the second element has also been established.

It is your role, as the jury, to determine causation and any remaining issues.

(ECF No. 127 at PageID.3724).

The three jury instructions in dispute were: 1) the jury instruction on causation; 2) the Retirement System's requested instruction on mitigation of damages; and 3) the Retirement System's requested instruction on nominal damages. The Court ordered the parties to brief their respective positions as to these three disputed instructions. After they did so, this Court issued a Memorandum Opinion setting forth its rulings. The only one that is relevant for purposes of the pending motion is the causation instruction. As to that, this Court ruled as follows:

Plaintiff requested that the Court give the following requested jury instruction regarding causation in his proposed jury instructions, that were filed prior to trial:

Jury Instruction #18
Causation

To find that the adverse action was motivated by Plaintiff's protected conduct, you are not required to find that the protected conduct was the only reason for the adverse action. You are only required to find that the Defendant was motivated "at least in part" by the protected conduct.

Where an adverse action occurs very close in time after protected conduct, that temporal proximity can constitute evidence of causation.

An act taken in retaliation for the exercise of a constitutionally protected right is unlawful even if the action would have been proper if taken for a different reason. *Hoover v. Radabaugh*, 307 F.3d 460, 467 (6th Cir. 2002)

Government actions, which standing alone may be perfectly legal, may nonetheless be unlawful if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right. *Thaddeus-X v. Blatter,* 175 F.3d 378, 386 (6th

Cir. 1999).

(ECF No. 84 at PageID.3117).

Defendant proposed a different causation instruction, in its proposed jury instructions that were filed prior to trial. (ECF No. 78 at PageID.2974). Among other things, it stated that "[t]his element requires a two-part analysis. Both subparts must be met in order for Mr. Seals to prove causation. The first subpart is called proximate causation. The second part is called punitive motivation. If you find that Mr. Seals has proven both subparts by a preponderance of the evidence, your verdict on this element will be in favor of Mr. Seals. If you find that Mr. Seals has failed to prove one or both of these subparts by a preponderance of the evidence, your verdict will be in favor of the Retirement System." (*Id*.).

During the course of trial, this Court suggested that both parties continue to review the applicable case law and continue to discuss and negotiate the jury instructions. The Court urged the parties to review *Lemaster v. Lawrence Cnty., Kentucky*, 65 F.4th 302, 309 (6th Cir. April 11, 2023).

Thereafter, Plaintiff urged the Court to give a jury instruction regarding causation that comports with *Lemaster*. Defendant requested a different instruction regarding causation:

Causation

Mr. Seals must prove that the Retirement System took action against Mr. Seals which was motivated, in substantial part, to punish Mr. Seals's speech. This element focuses on the Retirement System's motives, *e.g.,* whether the Retirement System intended to punish Mr. Seals for his allegedly protected speech, or, alternatively, whether the Retirement System acted for non-retaliatory motives.

For Mr. Seals to prevail, he must show that his speech was a substantial or motivating factor of harmful action. *Lemaster Cnty. Ky.*, 65 F.4th 302, 309 (6th Cir. 2023). In other words, Mr. Seals must establish a causal connection between the Retirement System's purported "retaliatory animus" and the "subsequent injury." To find for Mr. Seals, he must prove that the Retirement System had a retaliatory animus that caused the injury. *Nieves v. Bartless*, 139 S.Ct. 1715, 1722 (2019). "The true object of this inquiry is to determine whether the plaintiff has been retaliated against as a direct result of his or her protected speech." *Paterek v. Vill of Armada, Michigan*, 801 F.3d 630, 646 (6th Cir. 2015).

(1) If you find Mr. Seals has proven this by a preponderance of the evidence, please proceed to Jury Instruction #22;

6

    (2) If you find Mr. Seals has not proven this by a preponderance of the evidence, you have reached a verdict in favor of the Retirement System, so please proceed to the verdict form.

    Alternatively, if you find that Mr. Seals damages (if any) were not caused by the Retirement System, then you have reached a verdict in favor of the Retirement System. Please have your elected foreperson sign the verdict form and inform the bailiff.

(ECF No. 121 at PageID.3624-25).

  Because the parties could not come to an agreement regarding the causation instruction, the Court allowed the parties to file supplemental briefs setting forth their respective positions. This Court has carefully considered those positions.

  In a recent, published opinion, the United States Court of Appeals for the Sixth Circuit took the "opportunity to clarify things" as to the "governing causation rules" that apply to a First Amendment retaliation claim. *Lemaster v. Lawrence Cnty., Kentucky*, 65 F.4th at 309. In *Lemaster*, the Sixth Circuit explained:

> *Causal Connection.* That resolution leads us to the final element: Could a reasonable jury find an adequate "causal connection" between Lemaster's Facebook post in April and Carter's removal of Lemaster Towing from the rotation list in September? *DeCrane,* 12 F.4th at 593. Because the district court highlighted confusion in our case law on the governing causation rules, we take this opportunity to clarify things. *See Lemaster*, 2022 WL 257067, at *8; *see also Spithaler v. Smith*, 803 F. App'x 826, 829–30 (6th Cir. 2020). For a First Amendment plaintiff to recover under § 1983, protected speech "must be a 'but-for' cause" of a harmful action. *Nieves v. Bartlett*, —— U.S. ——, 139 S. Ct. 1715, 1722, 204 L.Ed.2d 1 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 260, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006)). This test is met if a plaintiff would not have suffered the harm "but for" the speech. *Id*. It is not met if the plaintiff would have suffered the harm even if the plaintiff had stayed silent. *See id.; see also Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, —— U.S. ——, 140 S. Ct. 1009, 1017, 206 L.Ed.2d 356 (2020).
>
> When public employees or contractors allege that the government has retaliated against them because of their speech, the Court has implemented the required but-for test using a burden-shifting approach. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285–87, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *see also Umbehr*, 518 U.S. at 675–78, 116 S.Ct. 2342. A plaintiff must

7

first show that "speech was 'a substantial or motivating factor' of" a harmful action. *Anders*, 984 F.3d at 1177 (quoting *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 400 (6th Cir. 2010)). Some statements in our cases have (wrongly) equated this motivating-factor test with but-for causation. *See Spithaler*, 803 F. App'x at 829. But this test does not require a but-for relationship. *See Comcast*, 140 S. Ct. at 1017; *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 348–49, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013). After all, speech sometimes may motivate a defendant's harmful action even if the defendant would have taken the same action for another reason without the speech. *See Hartman*, 547 U.S. at 260, 126 S.Ct. 1695.

If the plaintiff meets this lower causation standard, the burden shifts to the government defendants. *See Nieves*, 139 S. Ct. at 1722. They can avoid liability by proving that they would have taken the same action even if the plaintiff had not spoken. *See Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. 568. In other words, they must prove the *absence* of but-for causation. *See Massey v. Johnson*, 457 F.3d 711, 717 & n.2 (7th Cir. 2006); *Wagner v. Wheeler*, 13 F.3d 86, 90 (4th Cir. 1993).

*Id*. (emphasis in original).

Having reviewed the parties' competing arguments, this Court concludes that the following jury instruction regarding causation should be given in this case:

<u>Causation</u>

For a First Amendment plaintiff to recover under § 1983, the protected speech must be a "but-for" cause of an adverse action. This test is met if a plaintiff would not have suffered the harm "but for" the speech. It is not met if the plaintiff would have suffered the harm even if the plaintiff had stayed silent.
When a public employee alleges that the government has retaliated against him because of his speech, a burden-shifting approach applies.
Under it, the Plaintiff must first show that his speech was a substantial or motivating factor of the adverse action taken by the Defendant. This part of the test does not require a but-for relationship. After all, speech sometimes may motivate a Defendant's adverse action even if the defendant would have taken the same action for another reason without the speech.

8

> If the Plaintiff meets this first part of the test, then the burden shifts to the Defendant. Under the second part of the test, the Defendant can avoid liability by proving that it would have taken the same action even if the Plaintiff had not spoken. In other words, the Defendant must prove the absence of but-for causation.

*Lemaster,* 65 F.4th at 309.

(ECF No. 124 at PageID.3692-96).

The parties agreed upon the verdict form to be used. The parties made their closing arguments on the morning of September 29, 2023. The jury returned a verdict in favor of Plaintiff later that same day, awarding him $180,000.00 in damages. A Judgment in favor of Plaintiff was issued on September 29, 2023. (ECF No. 128).

On October 20, 2023, the Retirement System filed the pending "Motion For Judgment As A Matter Of Law Or, Alternatively, For A New Trial." (ECF No. 133).

## ANALYSIS

The Retirement System brings the pending "Motion For Judgment As A Matter Of Law Or, Alternatively, For A New Trial" pursuant to Fed. R. Civ. P. 50 and Fed. R. Civ. P. 59.

**I.     The Retirement System's Renewed Motion for Judgment As A Matter Of Law**

The Retirement System's motion begins by requesting judgment as a matter of law, pursuant to Fed. R. Civ. P. 50. (*See* Def.'s Br. at 6-13 & 16 at n.2).

Rule 50 of the Federal Rules of Civil Procedure governs motions for judgment as a matter of law. It provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," the court may "resolve the issue against the party."

In making such a determination, this Court must view the evidence in the light most

9

favorable to Seals (the nonmovant), granting all reasonable inferences in his favor. *Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 537 (6th Cir. 2003). This Court should "not weigh the evidence, evaluate the credibility of the witnesses, or substitute [its] judgment for that of the jury." *Wehr v. Ryan's Family Steak Houses, Inc.*, 49 F.3d 1150, 1152 (6th Cir. 1995). "[T]he verdict should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable." *J.C. Wyckoff & Assocs. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1487 (6th Cir. 1991). A motion for judgment as a matter of law should be granted "only if reasonable minds could not come to a conclusion other than one favoring the movant." *Garrison*, 334 F.3d at 537–38.

Here, the Retirement System contends that the Court should grant judgment as a matter of law in its favor because there was no evidence presented at trial of a retaliatory animus on the part of the Retirement System. That is, it contends that Seals failed to present any evidence at trial that any of the Retirement System's Commissioners had a retaliatory animus toward him.

The Court rejects this argument. First, as explained more fully below, this Court continues to believe that it correctly instructed the jury regarding causation based upon the Sixth Circuit's published decision in *Lemaster*.

Second, as explained in Plaintiff's response brief, Plaintiff *did present* evidence at trial of a retaliatory animus. For example, evidence of a retaliatory animus was presented at trial through the testimony of Tom Yee, who was one of the Commissioners of the Retirement System. (ECF No. 129 at PageID.3753-54). Mr. Yee's trial testimony included all of the following:

> Q. Okay. How did the other members of the Commission respond to Mr. Seals' comments at the September 30, 2019 meeting?
> A. Well, it didn't make anybody happy. I – I believe there was a – I believe at the following meeting, there was a discussion about it…

10

> . . . .
> A.  This – after, or before, or during, Mr. Seals found out that he didn't have an independent person looking through it. And he – I think he argued for about – I don't remember – I don't have a recollection. He talked for about 10 minutes or so. They didn't like them talking for 10 minutes, so we tried to cut the time that he could speak down to two minutes. That's what I believe the limit was in the – in the policy, was two minutes. So we told him he couldn't – he couldn't talk longer than two minutes.
> Q.  Okay. Why didn't they like – well, first of all, when you say they, who are you referring to, Mr. Yee?
> A.  Us, the [Retirement] Commission. …
> Q.  Okay. And when you say they didn't like him talking, why not?
> A.  Well, nobody likes to hear that – that, you know, you're not doing your job, you're cheating people. That's not going to make a lot of people happy.
> Q.  So how did they feel about Mr. Seals' comments?
> A.  Well, two minutes is certainly better than listening to it for 10.
> Q.  Okay. What about when Mr. Seals would only speak for two minutes, how did people feel about it?
> A.  Well, they found out two minutes wasn't – wasn't good either.
> Q.  What do you mean by that?
> A.  Well, it's the same argument, but condensed down to two minutes.
> Q.  Okay. And how did the commissioners feel about the two-minute version of the argument?
> A.  Well, who – who likes to – who enjoys being said that you're not doing your job properly? Nobody.

(ECF No. 129 at PageID.3769, 3773-74). Mr. Lee further testified:

> Q.  What about after that?
> A.  Oh, after that. I think this went on for a couple more meetings. Then afterwards, a lot of discussions that there was a – that's when I'm going to say, we reached the hilt of the impasse is what I call it.
> Q.  I'm sorry, the what?
> A.  I call it the peak of what I call dissatisfaction with him.
> Q.  Dissatisfaction with Mr. Seals?
> A.  Yes.
> . . . .
> A.  Well, the –this went on, I say, for a couple meetings. And then, finally, we reached where we're – we're here now. And then one day, we're arguing again about the 30 dollars, and then all of a sudden, they asked for a , what I call – they asked one of the attorneys to investigate about the thousand – the thousand-hour rule.
> Q.  Okay. Tell us about that conversation, please.

11

| | |
|---|---|
| A. | Well, I said we shouldn't take his money away from him. I said that- |
| Q. | I'm sorry, let me pause you, Mr. Yee. I'm sorry to interrupt you. What do you mean by, we shouldn't take his money away from him? |
| A. | Well, if they institute the thousand-hour rule, that means he loses his retirement. |
| Q. | All of it? |
| A. | Yes. |

. . . .

| | |
|---|---|
| Q. | Okay. What did Betty Misuraca say after there was a motion to investigate whether Mr. Seals could get his pension under the thousand-hour rule? |
| A. | I don't recall exactly. It may have been her, it may have been somebody else, but it would – I believe it to be something, that will keep him quiet. … |
| Q. | Okay. And when she said that will keep him quiet, what was she referring to? |
| A. | She didn't want Mr. Seals coming to public comment anymore? |
| Q. | That it would stop. It didn't work. He kept coming… eventually, he lost his pension. |

. . . .

| | |
|---|---|
| Q. | Did Betty Misuraca say 'that would keep him quiet' when they voted to take Mr. Seals' money away? |
| A. | Yes. |

. . . .

| | |
|---|---|
| Q. | When Betty Misuraca said that will keep him quiet, how did she sound? What was her tone? |
| A. | Oh, I don't know. She just said that'll keep him quiet and she did a little finger thing |

. . . .

| | |
|---|---|
| A. | Yes. I think [Mr. Seals] must have made [Ms. Misuraca] mad because I think she got two fingers that time . . . |

. . . .

| | |
|---|---|
| Q. | What, if anything, did Ms. Misuraca say to you about the fact that Mr. Seals was campaigning against her because of the pension calculations? |
| A. | Well, she said that she was personal friends with Cathy M. Garrett. She was a powerful politician…And she said she could – she could end his career or something to that effect… And I'll ask, please don't do that, I will talk to him and he won't bother you anymore… I talked to him… and that was the last time he came to a meeting. |

. . . .

| | |
|---|---|
| Q. | I'm going to ask you again, Mr. Yee, did Ms. Misuraca ask you if there was anything that could be done to stop Mr. Seals coming to public comment? … |

12

> A. She said …that she's personal friends with the clerk and she could fix him. I don't remember the exact words, but basically, end his career.
>
> . . . .
> Q. Did Ms. Misuraca ask you to go to Mr. Seals and stop him from coming to public comment?
> A. We came to an agreement that I would do that if she spared him.
> Q. How did you come to that agreement? Did she ask you to do it?
> A. Yes.

(*Id*. at PageID.3775-76, 3780, 3792-93, 3798-99, 3801-02, 3804). Mr. Yee further testified that, in discussing Seals, Ms. Misuraca stated she was "going to put the screws to him" and that his "job would be in jeopardy." (*Id*. at PageID.3801-02). Mr. Yee further testified:

> Q. Did Betty Misuraca ask you not to testify truthfully at your deposition?
> A. Overtly. Overtly…
> A. Well, just – just little – just little comments, or we had issues.
> Q. What little comments, Mr. Yee?
> A. Like loose lips sink ships.

(*Id.* at PageID.3804).

Thus, contrary to the Retirement System's argument, the jury was presented with evidence of a retaliatory motive. The Retirement System is not entitled to judgment as a matter of law under Fed. R. Civ. P. 50.

## II. The Retirement System's Motion For New Trial Under Fed. R. Civ. P. 59(a).

"In the event the Court does not grant relief under Fed. R. Civ. P. 50(b), the Retirement System alternatively requests a new trial pursuant to Fed. R. Civ. P. 59(a)[1]," based upon alleged errors during the trial. (Def.'s Br. at 13).

After a jury trial, a district court may grant a motion for new trial "for any reason for

---

[1] Defendant's motion also references Fed. R. Civ. P. 59(d), which allows the Court to consider a new trial on its own initiative, for reasons not in the motion. This Court does not find that a new trial is warranted on any basis.

which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Sixth Circuit has "interpreted Rule 59 to mean that 'a new trial is warranted when a jury has reached a seriously erroneous result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, ie., the proceeding being influenced by prejudice or bias." *Mosby-Meachem v. Memphis Light, Gas, & Water Div.*, 883 F.3d 595, 606 (6th Cir. 2018) (citations omitted); *see also Harden v. Hillman*, 993 F.3d 465, 476 (6th Cir. 2021) (citation omitted); ("Under Fed. R. Civ. P. 59, a new trial is required when the original trial was unfair to the moving party in some fashion.")

The party seeking a new trial bears "a heavy burden." *Miller v. Am. President Lines, Ltd.*, 989 F.2d 1450, 1466 (6th Cir. 1993). As explained below, this Court concludes that Defendant has not met that heavy burden here.

### A. Challenge To This Court's Motion-In-Limine Ruling Regarding Law Of The Case.

Defendant's first and third challenges both take issue with this Court's motion-in-limine ruling regarding law of the case.

Upon reassignment of this case, this Court advised counsel that the Court would not allow the parties to relitigate this case. Yet the Retirement System sought to do so. Not surprisingly, this Court continues to conclude that it properly ruled, in the context of its motion-in-limine rulings, that Judge Cleland's prior rulings are law of the case that would not be revisited by this Court.

### B. This Court's Alleged "Failure To Decide Pivotal Question."

Second, Defendant asserts "the Court committed legal error by failing to decide the

pivotal question of whether Mr. Seals was exempt from the 1,000-hour Rule." (Def.'s Br. at 15).

This is not an alleged *trial error*. Rather, this portion of Defendant's motion evidences Defendant's disagreement with Judge Cleland's prior rulings (motion to dismiss, summary judgment, and motion-for-reconsideration rulings) during dispositive motion practice in this case – all of which occurred before this case was reassigned to this Court for trial. This not a basis for a new trial under Fed. R. Civ. P. 59(a).

### C.    Challenges To Jury Instructions

Jury instructions are reviewed as a whole to determine whether they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury. *Hisrich v. Volvo Cars of N. Am., Inc.*, 226 F.3d 445, 449 (6th Cir.2000). "A judgment may be reversed only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *Beard v. Norwegian Carribean Lines,* 900 F.2d 71, 72-73 (6th Cir. 1990).

Here, Defendant makes two arguments regarding the jury instructions that were given in this case.

First, Defendant takes issue with Jury Instruction Number 17. It contends "[t]his instruction to the jury was prejudicial because it prejudged the Retirement System as guilty on the first two elements of Mr. Seals's claim which, undoubtedly, colored the jury's determination on the final element, causation." (Def.'s Br. at 21-22). Notably, however, Jury Instruction #17 (ECF No. 127 at PageID.3724) was *an agreed upon* jury instruction. Moreover, this Court continues to conclude that it accurately reflected Judge Cleland's rulings during the course of this litigation.

Second, Defendant continues to disagree with the jury instruction given as to causation.

15

This Court, however, continues to conclude that it correctly instructed the jury on causation in this case, based upon the Sixth Circuit's published decision in *Lemaster*. (*See* 9/28/23 Opinion and Order, ECF No. 124, at PageID.3692-96); *see also Rudd v. City of Norton Shores*, 2023 WL 3886404 at *8 (6th Cir. June 8, 2023) (The Supreme Court's First Amendment caselaw follows a burden-shifting approach to establishing the required causal connection between a plaintiff's protected activity and a defendant's harmful action. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285–87 (1977); *Lemaster*, 65 F.4th at 309–10. A plaintiff must initially show that protected activity was a "substantial or motivating factor" for the defendant's harmful action. *Lemaster,* 65 F.4th at 309 (citation omitted). If the plaintiff meets this initial burden, a defendant may then avoid liability by showing that it would have taken the same harmful act even if the plaintiff had not engaged in the protected speech. *See id.* That is, the defendant "must prove the absence of but-for causation." *Id.).*

## CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** that Defendant's "Motion for Judgment As A Matter Of Law Or, Alternatively, For A New Trial" (ECF No. 133) is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 8, 2024